## HUBER v. KLEBOLD PRESS.

(Supreme Court, Appellate Term.  June 30, 1908.)

APPEAL AND ERROR—REVIEW—FINDINGS BY TRIAL COURT—CONCLUSIVENESS.

In an action for goods sold, where defendant alleged by way of counterclaim that it had agreed to print certain specimen sheets for plaintiff, the latter to furnish the ink, and that the inks were defective, a judgment dismissing the counterclaim will not be disturbed, where the court found that the extra work was not made necessary by any act of plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3955–3969.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Joseph M. Huber against the Klebold Press, in which defendant filed a counterclaim.  From a judgment for plaintiff, and against defendant on its counterclaim, the latter appeals.  Affirmed.

This action is for the value of printing ink sold and delivered to defendant, the sale and delivery of which were not disputed; but defendant set up a counterclaim, alleging that at plaintiff's request it agreed to print certain specimen sheets of printing inks for plaintiff, the ink to be furnished by plaintiff, but that by reason of plaintiff's breach of contract defendant was put to an additional expense over the contract price—the alleged breach of contract being that plaintiff furnished improper and defective inks for use in printing, whereby defendant was compelled to expend more time and labor in printing than would otherwise have been necessary.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Milton Damman, for appellant.
Douglas & Minton, for respondent.

MacLEAN, J.  Apart from the question of accord and satisfaction, in view of the denial of the treasurer of the defendant that the bill rendered to the plaintiff for extra work (the subject of its counterclaim) was ever returned, the check in full received and retained by the defendant may not be said to be an accord, there is no dispute as to amount due prior thereto.  The judgment dismissing the counterclaim may not be disturbed, as the trial justice found that the extra work was not made necessary by any act or neglect on the part of the plaintiff.  The claim of the plaintiff being otherwise admitted, the judgment should be affirmed.

Judgment affirmed, with costs.  All concur.

---

(59 Misc. Rep. 126.)

## In re REINS' ESTATE.

(Surrogate's Court, New York County.  April, 1908.)

WILLS—PROBATE.

Testator, by a paper propounded for probate, duly executed, bequeathed certain articles referred to in the will and mentioned in a list which was not annexed to it, dated on the same day and in the handwriting of the deceased, but with her signature thereto unattested.  *Held*, that the

probate would not be denied to the duly executed paper on the ground
that it was not the whole will of testatrix.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 232.]

In the matter of the estate of Sarah M. Reins. Proceeding for the
probate of a will. Will admitted to probate.

Jacob Fromme, for proponent.
Henry D. Frisbie, for contestant.

THOMAS, S. The evidence establishes that the paper propounded
for probate was duly executed as a will on June 21, 1897. By it the
testatrix bequeaths to George A. Woodruff and Charles Woodruff all
of her estate, subject to an exception expressed as follows:

"Excepting, however, I give and bequeath unto my friends named in the
annexed list, bearing date June 21, 1897, and signed by myself, the several
articles of personal property in the said list as set forth."

This is followed by a paragraph appointing an executor. It appears
that the list referred to in this paper was not physically annexed to
it, nor was it filed for probate with it. In pursuance of an order pro-
cured by the contestant the proponent subsequently filed a memoran-
dum book, which had been found in an envelope with the will in the
safe deposit box of the deceased. This book, with its contents, was
admitted in evidence, and is stated by the proponent to be the list
referred to in the will. It is dated on the day of the execution of the
propounded paper, is wholly in the handwriting of the deceased, and
bears her unattested signature. The proponent does not ask for the
probate of this list or memorandum; nor, being unattested and of a
testamentary nature, could it be admitted to probate. The contestant,
however, argues that probate must also be denied to the duly executed
paper, because, as he insists, it is not the whole will of the testatrix.

In none of the cases cited, nor in any case that I am acquainted with,
has probate been refused to a paper properly executed as a will mere-
ly because it referred to and attempted to incorporate a distinct and
separate paper not so executed. In Matter of Sanderson, 9 Misc. Rep.
574, 30 N. Y. Supp. 848, a case very similar in its facts to the case
at bar, the surrogate of Orleans county granted probate to a duly ex-
ecuted paper, while denying it to one imperfectly executed, which was
referred to therein, and was intended by the testatrix to supplement
and complete the duly executed paper. His decision is in harmony
with the case of Thompson v. Quimby, 2 Bradf. Sur. 449, affirmed
21 Barb. 107, and with the more recent case of Matter of Emmons,
110 App. Div. 701, 96 N. Y. Supp. 506. The effect of references in
wills to extraneous papers was considered in Booth v. Baptist Church,
126 N. Y. 215, 247, 28 N. E. 238, which was an action for the con-
struction of a will, and it was held that a paper referred to in the will
could not be treated as incorporated therein, because, though testa-
mentary in character, it was not executed as a will. The will in that
case disposed of a very large estate, while the extraneous paper con-
cerned a legacy of only $10,000. No expression contained in the opin-
ion lends the slightest support to the argument of the contestant now
under consideration, and it is scarcely conceivable that the court which

delivered that opinion would have sustained an objection to the probate of the will then before it on the ground in question.

The paper propounded as a will is entitled to probate. I will find as a fact that the memorandum book admitted in evidence is the list referred to therein, but without passing upon its force or effect. Costs of the proponent, including one copy of the minutes, will be paid out of the estate. Tax costs and settle findings and decree on notice.

Tax costs, and settle findings and decree on notice.