(72 Misc. Rep. 255.)

### KEIL v. HOEHN et al.

(Supreme Court, Trial Term, Kings County.   May, 1911.)

Wills (§ 98*)—Validity—Reference to Other Will.

> Where a husband and wife executed separate wills on the same day, and the wife named no executor and provided that the residue of her estate should be divided as set out in her husband's will and did not otherwise state her intention as to the residue, she will be deemed to have died intestate as to the residue.

> [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 234, 235; Dec. Dig. § 98.*]

Action by Charles Keil, individually and as executor, against Margaretha Hoehn and others, for construction of a will.   Judgment that testatrix died intestate as to her residuary estate.

A. V. Campbell, for plaintiff.

James T. Williamson, guardian ad litem, for infant defendant.

MADDOX, J.   From the pleadings and proofs here it appears that Mathias Seiwert and Anna Maria, his wife, separately executed his and her last will and testament on the same day, November 11, 1904, the same persons acting as witnesses to the execution of each instrument; that each will was properly executed, all the statutory requirements in that regard having been complied with.   Mathias died on November 24, 1905; his wife on June 22, 1909.   They left no children or descendants of deceased children, father or mother, either him or her surviving; but each left collateral heirs at law and next of kin. Both wills were probated on November 18, 1909.

The testamentary intention of Anna Maria, as gathered within the four corners of her will, is plain; and the provisions of her will and those contained in her husband's will, so referred to, make apparent the common purpose of both, that the residuary estate of each after the death of the life beneficiary thereof, in each instance the other spouse,. was to be divided into two moieties and each of such half parts

to be again divided between the relatives of the husband and wife, respectively, as indicated and identified in the husband's will. It will be seen, however, that after directing payment of her debts and funeral expenses she gives and devises all her estate, real and personal, to her husband for his life and then continues, "and after his decease the real and personal estate shall be divided as set down in the last will and testament of my husband, Mathias Seiwert, to me, Anna Maria Seiwert." She fails to name any executor. The extraneous paper so referred to was in existence at the time of the execution of her will ·and is clearly and distinctly described and identified therein, but was not in any wise attested by her. On the contrary, it was the testamentary disposition by her husband of his residuary estate after the death of his wife.

The provisions of the will of Mathias, in so far as they are referred ·to in the will of Anna Maria, are dispositive in character; and it seems to be well settled in this state that an extraneous paper or document of a testamentary nature referred to in a last will and testament cannot be incorporated therein, unless it be attested and executed as a will. Matter of Reins, 59 Misc. Rep. 126, 112 N. Y. Supp. 203, and cases cited.

The testatrix fails to state in her will who the objects of her bounty are to be, or the proportion, or share, or estate, each is to take, save in so far as she directs that her said estate "shall be divided as set down in" her husband's will; and, consequently, such attempted disposition by her is ineffectual in its purpose as a testamentary disposition of her residuary estate.

In Booth v. Baptist Church, 126 N. Y. 215, 247, 28 N. E. 238, 242, Judge Finch writing, it was held:

"It is unquestionably the law of this state that an unattested paper which is of a testamentary nature cannot be taken as a part of the will even though referred to by that instrument."

See cases cited.

A paper referred to in a will, to be effective as an incorporated testamentary disposition, must be attested by the testator whose last will is sought to be affected, and whose estate is to be in any wise disposed of thereby. Matter of Emmons, 110 App. Div. 701, 96 N. Y. Supp. 506; Matter of Reins, supra.

Indeed, as said by Chief Judge Ruger in Matter of O'Neil, 91 N. Y. 516, 523:

"It is not believed that any paper or document containing testamentary provisions not authenticated according to the provisions of our statute of wills has yet been held to be a part of a valid testamentary disposition of property, simply because it was referred to in the body of the will."

Mathias having predeceased his wife, the bequest and devise to him had lapsed; and, for the reasons above stated, I am constrained to hold that testatrix died intestate as to her residuary estate.

Judgment directed accordingly.