In the Matter of the Estate of PERCY L. HILL, Deceased.

Surrogate's Court, New York County, February 24, 1926.

**Wills — construction — instrument to operate in lifetime of donor and to pass interest in his property before his death if accepted by donee is not will —decedent executed instrument captioned " irrevocable will contract " under which International Typographical Union was to share in proceeds of decedent's invention — contract was to become effective immediately upon its acceptance by union — said instrument is not will.**

An instrument which is to operate in the lifetime of the donor and to pass interest in his property before his death if accepted by the donee is a deed or a contract and not a will; a will is an instrument by which a person makes disposition of his property to take effect after his death.

Accordingly, an instrument executed by the decedent herein bearing the caption " irrevocable will contract " and reciting that decedent had determined to commercialize an invention, the proceeds of which were to be shared by the members of the International Typographical Union, and that the agreement was to become effective immediately upon its acceptance by the union, cannot be regarded as decedent's will, particularly where the union declined to become a party to the contract during decedent's lifetime.

Moreover, there was no intention upon the part of the decedent that the instrument should constitute his last will and testament, for the reason that the instrument itself contained recitations warranting a finding that decedent had specific intentions of making a will.

PROCEEDING for an accounting involving a determination as to whether a certain instrument constitutes a will.

*Nathan Vidaver*, for the petitioner.

*George D. Friou*, for Wilbur S. Scudder.

O'BRIEN, S. In this accounting proceeding the accountant has submitted an instrument executed by the decedent and asks the court to determine whether or not it is a will. The decedent was the inventor of a certain " matrix " used in the printing. business. In the instrument in question, which he labeled an " irrevocable will contract " and wherein he stated, "I have decided to commercialize the said contrast matrix," he set forth terms under which the members of the International Typographical Union might share with him the proceeds of his invention. By its terms the contract would become effective immediately upon its acceptance by the International Typographical Union. The union determined that it had no legal right to enter into the contract and

declined to become a party thereto.  An instrument which is to operate in the lifetime of the donor and to pass an interest in his property before his death if accepted by the donee, is a deed or contract and not a will.  A will is an instrument by which a person makes a disposition of his property to take effect after his death. (*Matter of Diez,* 50 N. Y. 88, 93; *Gilman* v. *McArdle,* 99 id. 451, 461; *Younger* v. *Duffie,* 94 id. 535, 539; *Matter of Emmons,* 110 App. Div. 701, 704.)  That decedent did not intend that this paper should constitute his last will and testament is evidenced by paragraph 3 of section 2 therein which reads as follows:  " Fund A shall be deposited in trust for me subject to my order during my life-time, and subject, in the event of my death to the terms of a private will which I intend to make, one copy of which will be placed on file with Frank J. Kent, No. 271 Broadway, New York City, U. S. A."

I hold, therefore, that the instrument in question is not a will. Submit decree on notice accordingly.