In the Matter of the Probate of the Last Will and Testament of ELEANOR P. ACRES, Deceased.

Surrogate's Court, Clinton County, November 27, 1926.

Wills — probate of holographic will — will in handwriting of decedent except paragraph giving date of execution and attestation clause — testimony of attesting witnesses indicates circumstances surrounding execution sufficient to constitute substantial compliance with statute — will contained phrase to effect that all bequests would be in decedent's handwriting " attached to, or enclosed in' will "— envelope inclosing will contained four slips of paper in decedent's handwriting purporting to make special bequests — slips were dated approximately six years after date of execution of will and only one bore decedent's signature — fact that documents were not signed and witnessed precludes their consideration as part of decedent's will — will may be admitted to probate notwithstanding.

An instrument purporting to be the holographic will of the decedent except for the paragraph giving the date of execution thereof and the attestation clause, both of which, according to the evidence, are in the handwriting of one of the attesting witnesses, should be admitted to probate, where the testimony of one attesting witness is positive as to due execution, and the other witness, who does not recall the occasion when the will was executed, testifies that the transaction must have been as stated in the attestation clause, as otherwise he would not have signed it. Such facts are sufficient to establish a substantial compliance with the statute relative to the due execution of a will.

Notwithstanding the fact that the will contained a phrase to the effect that all decedent's bequests would be in her own handwriting " attached to, or enclosed in the will," four slips of paper, each in the handwriting of the decedent and each purporting to make special bequests, bearing dates approximately six years after the date of the execution of the will, but only one of which bore decedent's signature, which was not witnessed, cannot be regarded as any part of decedent's will, since in the absence of evidence showing their authentication they come squarely within the rule prohibiting them from being incorporated by reference into decedent's will.

However, the fact that these unattested documents cannot be made a part of decedent's will does not prevent the probate thereof on the theory that without reference to such documents being made the will is not the whole will of the decedent, since decedent's will is complete in itself, disposes of her entire estate, names executors and is properly attested.

PROCEEDING for the probate and construction of a will.

*O'Connell Brothers* [*B. Loyal O'Connell* of counsel], for Murray A. Babcock and Felix P. Stokes, executors.

HARRINGTON, S.   The instrument offered for probate purports to be the holographic will of the decedent, except for the paragraph giving the date of the execution of the instrument and the attestation clause, both of which are in the handwriting of one of the attesting witnesses.   The 1st paragraph of the instrument names the executors of the testatrix.   The next three paragraphs are as follows:

" I direct that after the bequests mentioned herein are distributed, and all just debts and Expenses are paid the remainder of the Estate be divided in half.   One half to be equally divided between Juan A. Babcock of Plainfield, New Jersey, and Murray A. Babcock of Hermon St. Lawrence Co., New York.   The other half to be divided, share and share alike, between my nieces and nephews who are living, or the children of any who are not then alive.

" All bequests will be in my own handwriting, attached to, or enclosed in the Will.

" In witness whereof I have hereto set my hand and seal the 9th day of Aug. 1917."

One of the attesting witnesses, Mary Frances Dunton, testified that she was seventy-five years of age and had known the decedent for over twenty-five years; that on the day the will was executed she was visiting the decedent and was requested by her to go with the decedent to the First National Bank at Mamaroneck, N. Y., for the purpose of witnessing her will.   She also testified that at the bank, the other attesting witness, Reuben G. Brewer, who was the president of said bank, wrote in the last paragraph of the will, giving the date of the execution thereof and the attestation clause; that the decedent then signed the will, declared it to be her last will and testament and requested Mr. Brewer and herself to sign the same as witnesses thereto; all of which was done in the presence of the decedent and in the presence of said witnesses.   Mr. Brewer testified that he was seventy-three years of age and had known the decedent for at least twenty-five years; that the decedent had banked at his bank for many years and he had had many business transactions with her; that the instrument offered for probate was in his opinion in the handwriting of the decedent, except for the paragraph giving the date of the execution thereof and the attestation clause, both of which were in his handwriting; that the signature purporting to be his signature was in fact his signature.   He testified, however, that he could not recall the occasion when this will was executed, but that he had assisted in the execution of many wills prior to this one and knew what was necessary in order to effect the due execution of a will; that the circumstances in connection with the execution

of the instrument must have been as stated in the attestation clause or he would not have signed it. Both witnesses testified that the decedent was of sound mind and memory at the time the will was executed.

Although the recollection of one of the two witnesses to the will of the decedent as to the occurrence of the execution thereof is imperfect, the circumstances in general in regard thereto are such that a substantial compliance with the requirements of the statute as to the due execution of a will must be deemed to have been satisfied. The testimony of one of the witnesses is positive as to the due execution thereof; a complete attestation clause exists; the witness whose memory is imperfect as to the transaction testified that the transaction must have been as stated in the attestation clause, as otherwise he would not have signed it. Such facts are sufficient to constitute a substantial compliance with the statute relative to the due execution of a will. (*Matter of Hunt,* 110 N. Y. 278; *Wyman* v. *Wyman,* 118 App. Div. 109; affd., without opinion, 197 N. Y. 524; *Matter of Ewen,* 206 App. Div. 198; *Matter of Baldwin,* 216 id. 111.)

In the envelope in which was inclosed the above will of the decedent were found four slips of paper, each in the handwriting of the decedent and each purporting to make special bequests. Three of them are dated as of January, 1923, and from the testimony on the hearing of the matter it would appear that the fourth one, while not dated, was in fact written by the decedent about May, 1925. Only one of such slips was signed by the decedent and in this case her signature was not witnessed. Another slip of paper purporting to make special bequests, in the handwriting of the decedent but not signed by her, was found among the decedent's personal effects, but not with her will and the other slips of paper above mentioned. It is not even dated, but from the evidence on the hearing it would appear that it was written by the decedent about August, 1926.

Should these special bequests be admitted to probate as a part of the will of the decedent? These special bequests are undoubtedly the ones referred to in the decedent's will, wherein she stated: " All bequests will be in my own handwriting, attached to, or enclosed in the Will." Because of the reference in the will to such bequests, it was undoubtedly the decedent's intent that they should be carried out. However, while the general rule is that in construing wills the courts will endeavor to carry out the intention of the testator, such rule does not obtain in determining whether the will in question has been executed pursuant to the statute regulating its execution. In the latter case, the courts do not consider the

intention of the testator but that of the Legislature. (*Matter of O' Neil*, 91 N. Y. 516, 520, 521; *Matter of Whitney*, 153 id. 259, 264.)

In Schouler on Wills (6th ed. § 400) it is stated that the modern English and American rule is that extraneous, unattested documents may be incorporated into a will provided such documents were in existence at the time of the execution of the will, and are identified by clear and satisfactory proof as the papers referred to therein. In this State, however, the law seems well established that unattested documents, containing testamentary dispositions not authenticated according to the provisions of the Statute of Wills, will not be held to be a part of a valid will simply because they were referred to in the will. (*Matter of Fowles*, 222 N. Y. 222; *Matter of O' Neil*, *supra*; *Matter of Conway*, 124 N. Y. 455; *Booth* v. *Baptist Church*, 126 id. 215, 247, 248; *Matter of Whitney*, *supra*; *Cook* v. *White*, 43 App. Div. 388; affd., without opinion, 167 N. Y. 588; *Matter of Andrews*, 43 App. Div. 394; affd., 162 N. Y. 1; *Matter of Emmons*, 110 App. Div. 701; *Matter of Lawler*, 195 id. 27; *Keil* v. *Hoehn*, 72 Misc. 255; *Matter of Perry*, 126 id. 616.) While the case of *Tonnele* v. *Hall* (4 N. Y. 140) is sometimes referred to as being *contra* to the above rule, the court in *Matter of O' Neil* (*supra*, 523) distinguishes the decision in that case from the ones above mentioned, and shows that in said case the extraneous document was referred to merely to identify the special devise and contained no testamentary provisions. Prior to the decision in *Matter of Fowles* (*supra*), it seemed clear that the courts in speaking of extraneous, unattested documents testamentary in character, referred to documents not executed by the testator himself as required by the Statute of Wills. In fact, in *Keil* v. *Hoehn* (*supra*) the court refused to allow reference to be made to the will of the decedent's husband executed on the same day as the will of the decedent, for the purpose of determining the disposition of the decedent's residuary estate, for the reason that such other will was not attested by the decedent. It is also of interest to note that the decision in *Matter of Fowles* (*supra*) was by a divided court, three of the judges holding that to allow reference to be made to the will of the decedent's wife for the purpose of determining the disposition of part of the decedent's estate violated the rule in this State prohibiting an unattested document of a testamentary nature to be incorporated into a will by reference. Schouler on Wills (*supra*, § 401) also states that the decision in *Matter of Fowles* (*supra*) stretches somewhat the doctrine of incorporation in this State. However, in the case at bar the documents in question are not authenticated by any one and come squarely

17

within the rule in this State prohibiting them from being incorporated by reference into the will of the decedent. They cannot, therefore, be admitted to probate as part of the will of the decedent.

Does the fact that such unattested documents cannot be made a part of the will of the decedent prevent the probate of the will itself, on the theory that without reference to such documents being made, the will is not the whole will of the decedent? The will of the decedent is complete in itself. It disposes of her entire estate, it names her executors, and is properly attested. The reference to the unattested documents may well be considered as surplusage, and the fact that the doctrine of incorporation in this State prevents giving them effect should not prevent the probate of the will itself. (*Thompson* v. *Quimby*, 2 Bradf. 449, 459; affd., *sub nom. Thompson* v. *Thompson*, 21 Barb. 107, 115; *Matter of Sanderson*, 9 Misc. 574, 578; *Matter of Reins*, 59 id. 126, 127; *Matter of Emmons, supra*, 704, 705.)

The holographic will of the decedent should be admitted to probate and the extraneous unattested documents referred to therein should be denied probate.