IN THE MATTER OF THE ESTATE OF HYMAN SAPERY, DECEASED.

Essex County Court
Probate Division

Decided June 6, 1958.

450

*Mr. Samuel Rosenblatt,* attorney for plaintiff.

*Messrs. Kristeller, Zucker, Lowenstein and Cohen (Mr. Saul J. Zucker,* appearing), attorneys for the caveator.

GIULIANO, J. C. C. ■ This case, which concerns itself with the novel and knotty problem of the probate of a codicil, independent of a will, is before this court on an order to show cause why the codicil should not be admitted to probate. The factual background which gives rise to the present controversy is relatively simple and undisputed: The decedent, Hyman Sapery, a domiciliary of the State of New Jersey, died on September 22, 1957. On August 23, 1957 the decedent, while visiting in Canada, executed a codicil to his last will and testament which complied, in all respects, with the formalities required of a testamentary instrument under *N. J. S.* 3A:3–2. This codicil reads as follows:

"I, H. SAPERY, presently staying at the Royal York Hotel, Toronto, Canada, being of sound and disposing mind, memory and understanding, do hereby make, publish and declare this to be a Codicil to my Last Will and Testament heretofore made, signed, sealed, published, declared and executed by me.

*FIRST:*
I nominate, constitute and appoint my cousin Dr. Maurice Cohen, executor of my last will and testament, and I direct that no bond or other security be required of him in any jurisdiction in which my Will may be probated, or my estate may come in question.

*SECOND:*
I hereby revoke, cancel and annul the appointment of any other person or corporation as executor of my Will.

**THIRD:**

I hereby amend and modify my aforesaid Last Will and Testament in accordance with the provisions of this Codicil, and, as hereby and herein modified, amended and extended, I do hereby confirm, ratify, redeclare and republish my aforesaid last will and testament."

The executor selected, Dr. Maurice Cohen, was the decedent's cousin, and at the time of the decedent's death had a power of attorney over the decedent's affairs.

A *caveat* against the probate of a will was filed on October 17, 1957, and the complaint for the probate of the above codicil was filed on January 30, 1958. Although the decedent had stated on a number of occasions that he had executed a will, diligent and thorough searching had failed to reveal its existence.

The precise issue presented by the case, *sub judice,* of whether or not a codicil, which solely purports to effect a change in the naming of an executor, can, in the absence of the will sought to be amended, be admitted to probate, has not been the subject of judicial decision in this jurisdiction. This problem has, however, been considered by former Judge Clapp in his work on *Wills and Administration.* There, it is stated:

"* * * Whether a codicil to an invalid will depends upon the will for its effectiveness is a matter of intention; but if it does not depend thereupon *or if it merely appoints an executor*, it will be probated." *Clapp, Wills and Administration*, § 23 (5 *N. J. Practice* (1950)). (Emphasis supplied)

Here, as in innumerable questions arising under the law of wills, the touchstone of decision is the intention of the testator. See *Bank of New York v. Black,* 26 *N. J.* 376 (1958). This intention of the testator as to whether the codicil is to enjoy life independent of the will is to be gathered from the four corners of the instrument, *Torrey v. Torrey,* 70 *N. J. L.* 672 (*E. & A.* 1904), and from legal presumptions which the law has established to aid in this inquiry, *Clapp, Wills and Administration,* § 103 (5 *N. J. Practice* (1950)).

█ The codicil in the instant case is silent with regard to the intention of the testator as to this issue. However, the general presumption disfavoring intestacy can be of great aid in solving this dilemma. *Bruce v. Bruce,* 90 *N. J. Eq.* 573 (*E. & A.* 1919). While this presumption is most frequently employed in questions involving the construction of a residuary clause, *Herbert v. Central Hanover Bank & Trust Co.,* 131 *N. J. Eq.* 330 (*Ch.* 1942), affirmed 132 *N. J. Eq.* 445 (*E. & A.* 1942), it, nonetheless, has equal application to the present issue. Despite the fact that this codicil does not purport to dispose of property, it would seem that the appointment of an executor is a testamentary disposition and that a will which solely seeks to accomplish this appointment is entitled to probate. See *Page, The Law of Wills* (2d ed. 1926, § 38; *Clapp, Wills and Administration,* § 66 (5 *N. J. Practice* (1950)); 57 *Am. Jur., Wills,* § 27 (1948). Thus, considering this codicil as an instrument testamentary in scope, it is the opinion of this court that this codicil can realize an existence independent of the will on the basis that complete intestacy should be avoided where possible.

It is manifest from the reading of this codicil that the terms contained therein are clear and unmistakable in import. Reference to the lost will of the decedent is entirely unnecessary for a comprehension of the codicil's terms. Therefore, the absence of the will in this case should not constitute a bar to the probate of the codicil. Obviously, a codicil containing ambiguities, the resolution of which can only be had by reference to the body of the will, should be denied probate where the will itself is lacking. This situation does not obtain here. This codicil, at least as far as the appointment of the executor is concerned, is complete unto itself and is wholly unambiguous. Indeed, this instrument does not purport to accomplish, other than the appointment of an executor, anything more than would legally flow from the execution of a codicil. The intention of the testator to appoint Dr. Maurice Cohen as executor, albeit of the testator's last will and testament, is explicit.

That intention should govern the result in this case despite the absence of the will and despite the fact that the testator's property will now pass through the operation of the statutes of descent and distribution, *N. J. S.* 3*A*:4–1 *et seq.*

This result has been reached in other jurisdictions which have considered this problem. See *Matter of Emmons' Will,* 110 *App. Div.* 701, 96 *N. Y. S.* 506 (*App. Div.* 1906); *Annotation,* 147 *A. L. R.* 642 (1943).

For the foregoing reasons, it is the opinion of this court that this codicil should be admitted to probate and that the caveats filed in this matter should be dismissed. An appropriate order may be submitted.