Joseph A. Cox, S.
The propounded instrument consists of three pages of typewritten text fastened together with wire staples. The subscribing witnesses testified that decedent published and declared all of the pages as together constituting her will. The signature of the decedent and all three witnesses appear at a point approximately one third of the distance from the top of the second page. The remainder of that page is blank. The third page of the instrument, which is designated ‘6 Schedule A ” is neither signed nor witnessed. The text of the schedule, which is incorporated by reference in paragraph First of the will, identifies certain jewelry and other tangible personalty and hence assists in defining the gift made in paragraph First. The testimonium clause describes the instrument so executed as the last will and testament of decedent as “ consisting of two (2) pages and Schedule A
Since the language of paragraph First of the will is sufficient in terms to encompass the jewelry and articles of personalty, independent of the identification of those items under Schedule A, the rule against the incorporation by reference of an unattested paper writing does not forbid the admission of the will and the denial of probate to the schedule. The reference in the *683 will to the schedule may be disregarded as surplusage since the will itself makes a complete disposition of the entire estate. (Matter of Acres, 128 Misc. 254; Matter of Reins, 59 Misc. 126; Matter of Emmons, 110 App. Div. 701.)
Submit decree accordingly admitting the will to probate in the words and figures comprising the text prior to the signature and attestation and denying probate to the text appearing in Schedule A.