Joseph A. Cox, S.
In this accounting proceeding the executor petitions the court for a construction of paragraph ninth of the will, which provision reads as follows:
“ninth: My deepest concern is for the maintenance and support of my mother, the said margareta semama vaturi, who is an invalid, dependent upon me for support.
“In the previous paragraph of this will, I have bequeathed and devised to her a one-half (%) interest in any property I may have in Italy. In addition thereto, however, I give, devise and bequeath any other assets and property which I may have, real and personal, situated in the United States or elsewhere outside of Italy, to my Executor hereinafter named as Trustee; and I direct him to keep the same as they are now invested, or to reinvest the same as he may deem most prudent and to collect the income and profits therefrom.
“ I further direct that he used [sic] and employ said income and profits for the purpose of supporting, caring for and maintaining my mother during her lifetime.
‘1 In the event that, in his opinion, said income should not be sufficient therefor, I authorize my said Executor, as Trustee, to use such portion of the principal of my estate as he may deem adequate and prudent for her care and maintenance.”
The precise question submitted is whether the testator’s mother is entitled to all of the income of the trust or only so much of the income as may be necessary for her support.
Paragraph fifth of the will disposes of certain personal effects and jewelry and then says: “ I have indicated my desires as to such distribution by a letter addressed to my Executor, but such indications are merely suggestive on my part and are not intended to be binding upon any such Executor.” The executor takes the position that a letter of the testator, addressed to the executor prior to the execution of the will, should be considered by the court in interpreting this will. It is urged that the will is ambiguous and that the court may consider this letter as extrinsic evidence of the testator’s intention. The court finds no ambiguity in this will. The testamentary plan favors the mother and it is clear that the entire income of the testamentary trust is payable for her benefit or to her. The will manifests an intention on the part of the testator to benefit his mother as the principal object of his bounty and, following the direction for collection of income, is a further direction that “said income” be used and employed for the mother’s maintenance. The court interprets paragraph ninth as a clear direction entitling the mother to the benefit of the entire income. *297 She is entitled to receive this income irrespective of her personal resources (Holden v. Strong, 116 N. Y. 471; Matter of Van Zandt, 231 App. Div. 381; Matter of Gatehouse, 149 Misc. 648).
The contention that income exceeding the amount required for the mother’s support be accumulated and paid over to the remainderman, as the person entitled to the next eventual estate, is rejected. The court does not find in this will a direction to accumulate income. While, by reason of the date of the testator’s death, such a direction would be effective, there is not the slightest indication in the will that the testator intended an accumulation which, at the date of the will, would have been ineffectual.
The unattested letter must be disregarded inasmuch as the will contains a complete disposition of the trust income (Matter of Emmons, 110 App. Div. 701; Matter of Reins, 59 Misc. 126; Matter of Acres, 128 Misc. 254; 4 Page, Wills [3d ed.], § 1625; Matter of Powers, 85 N. Y. S. 2d 607; Matter of Salterini, 7 Misc 2d 497). A contention is not made that the testator validly incorporated into his will the unattested letter and any such contention would be without basis (Booth v. Baptist Church of Christ, 126 N. Y. 215; Matter of Fowles, 222 N. Y. 222; Matter of Rausch, 258 N. Y. 327).
Certain personal property in Italy did not come into the possession of the executor but was required to be included in the taxable estate. The executor will be permitted to deduct from the income due to the mother the amount of estate tax allocable to her share of the property in Italy and also may set off against the claim of a cousin the allocable share of estate tax attributable to the benefits received by this cousin.
Upon conclusion of the New York estate tax proceedings a decree on accounting may be submitted, on notice, construing the will and settling the account.