Joseph A. Cox, S.
At the time of the marriage of the testatrix and her husband Max Warburg, they were residents of Hamburg, Germany, a jurisdiction which recognized community property interests. The husband was a. general partner in a private banking firm and it is recognized that this partnership interest was community property. The spouses also owned parcels of *998 real estate and personal property which were community property.
In 1938, by reason of the Hitler program of persecution of Jews, the testatrix’ husband disposed of his assets in the banking firm for an inadequate compensation and the real estate of the testatrix and her husband was confiscated. The Warburgs fled from Germany with a few possessions and later became citizens of the United States. Max Warburg died in 1946 and his will left his entire estate to his widow, the testatrix. Thereafter, as a result of negotiations, restitution was made for the confiscated property and for the inadequate sale price of the partnership interests. One of the issues in this proceeding concerns the disposition of the assets so realized insofar as this estate is affected.
Concededly the initial property interests in these assets were created by a regime of community property authorized by the laws of the then domicile of Max Warburg and this testatrix. Decisions in this State have recognized that community property rights of a spouse continue after the removal of both spouses to a different jurisdiction (Matter of Hernandez, 172 App. Div. 467, affd. 219 N. Y. 566; Matter of James, 172 App. Div. 800, revd. on other grounds 221 N. Y. 242) but such holdings are not decisive of the issues here presented. It is contended that, upon the death of Max Warburg, the disposition of his interest in the community property was controlled by the property laws of Hamburg and Germany but, in conjunction with such contention, it is acknowledged that, under such laws, a spouse may exclude the continuance of the community of goods by an appropriate declaration in his will and, if Max Warburg so provided, any question as to the conflict of laws is actually an academic one.
Pursuing this thought, it is contended that the will of Mr. Warburg did not express an intention to deprive Ms children of such interest in his estate as might be conferred upon them by the laws of Germany. This court does not so construe the will. In the first article of that instrument Mr. Warburg stated: “ Guided by the thought that I have during my lifetime duly provided for my children, I give, devise .and bequeath all of my earthly possessions, whether real, personal or mixed and of whatsoever character or wheresoever situated, to my wife, Alice Warburg.” This disposition is regarded by this court as a clear compliance with the provisions of foreign law providing for the exclusion of the children and, for such reason, the children did not acquire an interest in the community property under foreign law and, for obvious reasons, they acquired no interest in such property under New York law.
*999 , It is held that the bequest under article Fourth of the testatrix’ will to an inter vivos trust is a valid disposition (Matter of Fowles, 222 N. Y. 222; Matter of Rausch, 258 N. Y. 327; Matter of Freund, 33 Misc 2d 6).
The bequest of personal property under article Fifth of the will is governed by New York law (Decedent Estate Law, § 47) and is valid. This court will not attempt to determine the validity of the devise of German real estate under this article of the will but prefers to leave any such determination to the jurisdiction of the situs of the property where any appointment of a fiduciary to administer such property would have to be made (Matter of Good, 304 N. Y. 110; Matter of Osborn, 151 Misc. 52). It is held that the power of invasion granted under this article of the will is limited so that invasion for the benefit of a particular beneficiary may be made only as to the share of the .principal from which such beneficiary’s income is derived.
The power granted by subdivision (a) 11 of article Tenth to invade trust principal does not impose an obligation upon the trustee to inquire into the independent resources of a trust beneficiary and to limit invasion accordingly (Matter of Bisconti, 306 N. Y. 442).
An agreement has been proposed as to the allocation of estate taxes. This agreement is premised upon an assumption that the will of Max Warburg did not dispose of community property and that the Warburg children acquired interests in such property. The court has not adopted this construction and, in view of this, there may be doubt as to the applicability of the agreement. If the parties reach agreement after the publication of this opinion, a revised agreement may be submitted to the court prior to the settlement of a decree in this proceeding.
The claim of the petitioner for moneys advanced to the testatrix, the claim of Overseas Merchants Corporation and the claim of E. M. Warburg & Co., Inc., were allowed following a hearing and the decree herein may provide for the payment of such claims.