Otto C. Jaeger, S.
Submitted for probate are a purported will dated July 6, 1959 and a codicil dated April 20, 1965. The earlier instrument consists of four typed pages, covered by a blue back and held together by three staples which appear to have never been removed. The first two pages and the top four lines of the third page contain the body of the instrument. The third page also has the signatures of the testatrix and the subscribing witnesses together with the attestation clause. The fourth page, unsigned and unattested, contains five bequests of personal jewelry and furs. Beference to the fourth page is found in the following sentence which appears after the residuary clause on page 2 of the proffered instrument: “I appen4 a list of how my jewelry and furs are to be divided ” and also in the attestation clause on page 3 which begins as follows: “The preceding instrument, consisting of this and two other typewritten pages — -and a page specifying distribution of jewelry and furs ”.
The type on all four pages appears to be from the same typewriter and the paper is the same brand and grade. The testimony of the surviving subscribing witness states that the attestation clause was read aloud and that the unsigned, únattested paper following the signature page was securely fastened at the time of execution.
The statutory rules and judicial pronouncements concerning the execution of wills are designed to eliminate the possibility of fraud. Specific reference is made to EPTL 3-2.1 (subd. [a], par. [1]) which requires in part that a will ‘ ‘ shall be signed at the end thereof by the testator ”. The question before the court is whether said statute has been violated with the consequence that the fourth page must be denied probate. (It would appear that in any event the first three pages are entitled to be admitted to probate, EPTL 3-2.1 (subd. [a], par. [1], subpar. [A]).
On the authority of Tonnele v. Hall (4 N. T. 140), the court believes that the entire instrument of July 6, 1959 is entitled to be probated. In that case the will provided that “‘the brick house on the rear of lot number 73, on the map hereinafter mentioned,’ &c. is devised to Ann Hamilton, to hold during her life.” There, as in the case at bar, a separate sheet, unattested and unwitnessed, -followed the subscription page, and all pages were securely bound together. The Court of *883 Appeals held that the contents of the paper (the nnattested and unwitnessed page) to which the instrument referred should be deemed to have been constructively inserted before the subscription page. The court stated (pp. 144-145): “It is a sound principle, that such a construction ought to be put upon a statute as may best answer the intention which the makers had in view, and that is sometimes to be collected from the cause or necessity of making it, at other times from other circumstances. "Whenever the intention can be discovered it ought to be followed with reason and discretion in its construction, although such construction may seem contrary to its letter.”
After making reference to the statute of 1830 (2 R. S. p. 63) which made it a requirement for due execution that the subscription by the testator be at the end of the will, the court went on to say (p. 146): “ There never was any doubt entertained, as I can find, but that a will properly executed and attested, might by reference to another instrument establish particular clauses, so ascertained by a clear reference, as strongly as if the clauses referred to had been repeated in the will verbatim, whether that other instrument is executed or not. The object of the change in the words of the statute, was to insure a signature of authentication, distinct from and at the close of the descriptive and disposing parts of the will; and the practice of making such references has not, as I am aware, at any time resulted in any mischief or inconvenience. I think that the subscription by the testator to the will in question, as well as the signing by the witnesses, were made in strict compliance with the statute, and that therefore, the order or decree of the court below should be affirmed.” The rationale of the above decision, in the opinion of this court, is equally applicable here.
The court determines that the propounded instrument dated July 6, 1959 and the codicil dated April 20, 1965, were duly executed in accordance with EPTL 3-2.1. The competency of the decedent to make a will and her freedom from restraint having been established, said propounded instruments including the fourth page of the instrument dated July 6, 1959, will be admitted to probate as the last will of the decedent.