Nathan B. Sobel, S.
The petition presents an issue under the doctrine of “ incorporation by reference ” as applied to wills. (See 1935 Report of N. Y. Law Rev. Comm. p. 431 et seq.; Second Report of Commission on Estates; N. Y. Legis. Doc., 1963, No. 6.1B, pp. 286-350.)
*517 The petitioner Mrs. Gunning, a sister of the testator, presents an unwitnessed holographic instrument executed January 9, 1968 (“ January instrument ”) and also a duly executed instrument (which has been proved as a will) dated February 20, 1968 (“ February will ”).
The January holographic instrument necessarily must be denied probate. It was executed in New York; the decedent was not a member of the armed forces; it is unwitnessed. (EPTL 3-2.2, 3-2.1.) As already noted, the February will has been duly proved.
The January instrument disposes “ of my entire personal estate ’ ’ to Mrs. Gunning.
The February will provides: ‘ ‘ first : I ratify and confirm all wills heretofore made by me at any time in every respect, except insofar as the same is inconsistent with the provisions of this codicil.
‘ ‘ second : I direct that any monies realized from any and all Stocks and Bonds in my name be divided equally between: [listing three brothers and his sister Mrs. Gunning].”
We put aside quickly the “ doctrine of revivor ” which is now statutory (EPTL 3-4.6). Under that doctrine a duly executed codicil may revive a previously revoked will. But the revived will must itself have been duly executed. A will which was not duly executed can never be “ revived ” by a later codicil or will. (Matter of Brown, 6 Misc 2d 803; see 9 Rohan, N. Y. Civ. Prac., par. 3-4.6 [1] and cases cited.)
Nor at this stage is it necessary to determine whether the February will disposes of all the testator’s property.
We consider only the doctrine of incorporation by reference. Does the duly executed February will incorporate by reference the January instrument not as a will but as an extraneous existing paper writing of testator? For reasons quickly apparent an exhaustive discussion of the doctrine is unnecessary on the facts of this case.
The rule in the majority of States recognizes the doctrine (see Ann. 144 A. L. R. 714; 173 A. L. R. 568; 1935 Report of N. Y. Law Rev. Comm., p. 431). The majority rule is thus described in American Jurisprudence (57 Am. Jur., Wills, § 233, p. 194): “ a will, duly executed and witnessed according to statutory requirements, may incorporate into itself by an appropriate reference a written paper or document which is in existence at the time of the execution of the will, irrespective of whether such document is one executed by the testator or a third person, whether it is executed and attested as a will, or whether it is in and of itself a valid instrument, provided the document *518 referred to is identified by clear and satisfactory proof.” (Emphasis supplied).
Under the majority rule there are two basic requirements.
First, the extraneous writing must be in existence at the time of execution of the will. If reference is made in the will to a writing to be executed in the future, the doctrine of incorporation by reference does not apply. The future writing would in effect be a dispositive instrument not executed in conformity with the statute of wills. New York cases also disregard such post-will extraneous writings. (Matter of Warren, 11 N Y 2d 463; Matter of Voice, 38 Misc 2d 779, affd. 19 A D 2d 945; Matter of Acres, 128 Misc. 254.) Parenthetically in the above regard, it is observed that the incorporation by reference of extraneous writings doctrine should be distinguished from the doctrine of revocation, abatement or ademption of dispositions by extraneous writings. A corporate stockholders’ agreement (Matter of Hillowitz, 22 N Y 2d 107) a partnership agreement (Matter of Gross, 35 A D 2d 830, affd. 29 N Y 2d 739) or a transfer of a Totten Trust account (Matter of Kavanaugh, N. Y. L. J., March 7,1970, p. 18, col. 1) may cause the revocation, ademption or abatement of a disposition in a will. Such extraneous writings are not testamentary dispositions.
Second, the will must make reference to the specific extraneous existing writing — general reference will not suffice. Thus the reference in the February will — “ I ratify and confirm all wills heretofore made ” is not a sufficiently specific reference to the January writing to qualify for incorporation even under the majority rule.
New York has never fully accepted the majority rule although prior to 1881 it was recognized to a limited extent. (See 1935 Report of N. Y. Law Rev. Comm., pp. 432-438 and cases cited.)
The leading case, Booth v. Baptist Church (126 N. Y. 215, 247-248) states the general rule in New York: “ It is unquestionably the law of this state that an unattested paper which is of a testamentary nature cannot be taken as a part of the will even though referred to by that instrument.”
The basis for the rule is clear. The same awareness of the possibility of fraud which caused the Legislature to surround the execution of a will with prescribed formalities is manifested by the judicial distrust of extraneous existing writings not so executed. (See, e.g., Matter of Salmon, 46 Misc 2d 541; Matter of Vaturi, 33 Misc 2d 295; Matter of Hardecker, 14 Misc 2d 931; Matter of Menken, 180 Misc. 656.)
However, not all extraneous writings are to be distrusted. Some are executed with safeguards equal to those surrounding *519 wills. Several exceptions have therefore developed to the general rule excluding incorporation of extraneous writings. Some exceptions are apparent rather than real. Others have developed by judicial decision later sanctioned by statutory enactments.
The apparent exceptions permit incorporation by reference of paper writings not truly dispositive in nature. For example a schedule of assets attached to the will after the subscription, is not dispositive but merely descriptive, if the will itself adequately disposes of such assets. (See, e.g., Matter of Hall, 59 Misc 2d 881; Matter of Schmitt, 187 Misc. 409; Matter of Davis, 17 Misc 2d 682.) Also an extraneous writing may be admissible in evidence in certain circumstances to either explain an ambiguity in the will or to identify the property or the beneficiaries intended by a disposition. (See, e.g., Reynolds v. Reynolds, 224 N. Y. 429; Matter of Hill, 39 Misc 2d 138.) This latter is an apparent rather than a real exception since the writing is pot itself dispositive in nature.
Two of Judge Cardozo’s early opinions carve out real exceptions to the doctrine of incorporation by reference. Under both exceptions, it will be noted ample safeguards against fraud existed.
The first of the decisions was Matter of Fowles (222 N. Y. 222). There testator incorporated by reference provisions of his wife’s will simultaneously executed. A will is of course ambulatory in nature, and the wife might have changed her will either before or after her husband’s death. In Fowles however there had been no change so that issue was not before the court. Judge Cardozo said (pp. 232-233): “ The rule against incorporation has not been set aside. It has been kept within bounds which were believed to be wise and just. The rule is sometimes spoken of as if its content had been defined by statute, as if the prohibition were direct and express, and not inferential and implied. But the truth is that it is the product of judicial construction. Its form and limits are malleable and uncertain. We must shape them in the light of its origin and purpose. All that the statute says is that a will must be signed, published and attested in a certain way (Decedent Estate Law, § 21; Consol. Laws, ch. 13). From this the consequence is deduced that the testator’s purpose must be gathered from the will, and not from other documents which lack the prescribed marks of authenticity (Booth v. Baptist Church of Christ, 126 N. Y. 215, 247). It is a rule designed as a safeguard against fraud and mistake. In the nature of things, there must be exceptions to its apparent generality. Some reference to matters extrinsic is inevitable. Words are symbols, and we must compare them with things *520 and persons and events (4 Wigmore on Ev. § 2470). It is a question of degree (Langdon v. Astor’s Executors, 16 N. Y. 9, 26, 31; Robert v. Corning, 89 N. Y. 225, 242). Sometimes the distinction is said to be between documents which express the gift and documents which identify it (Hathaway v. Smith, 79 Conn. 519, 521; Booth v. Baptist Church of Christ, supra). But the two classes of cases run into each other by almost imperceptible gradations (Langdon v. Astor’s Executors, supra). One may ratify assumptions of power, extinguish debts, wipe out wrongs, confirm rights, by the directions of one’s will (Bizzey v. Flight, L. R. 3 Ch. Div. 269 ; 1 Jarman on Wills, 99). In these and other cases, the expressions of the gift and the description of its subject-matter must often coalesce. No general formula can tell us in advance where the line of division is to be drawn.
“ It is plain, therefore, that we are not to press the rule against incorporation to ‘ a drily logical extreme ’ (Noble State Bank v. Haskell, 219 U. S. 104, 110). We must look in each case to the substance. We must consider the reason of the rule, and the evils which it aims to remedy. But as soon as we apply that test, the problem solves itself. There is here no opportunity for fraud or mistake. There is no chance of foisting upon this testator a document which fails to declare his purpose. He has not limited his wife to any particular will. Once identify the document as her will; it then becomes his own.” (See, also, Matter of Freund, 33 Misc 2d 6 and cases cited.)
The problem of incorporating by reference a writing as ambulatory as another’s will is discussed obliquely in Matter of Hull (37 A D 2d 325). In that case, however, a contract prevented or rather would make ineffective any future change in the incorporated will. It is observed, however, that nothing prevents a testator from incorporating a will or a disposition in a will as now written or from specifically authorizing incorporation of any future desires of the other testator. This is what was done by statute with another real exception carved out by Judge Cabdozo.
Matter of Rausch (258 N. Y. 327) concerned a direction by testator to pour over into an existing irrevocable and nonamendatory inter vivos trust part of his residuary estate. It is one thing, said Judge Cabdozo, to hold that a testator may not import into his will an unattested writing of his dispositions and another thing to hold that he may not effectively enlarge the subject matter of an existing inter vivos trust by reference to that extraneous instrument. This is a real exception to the doctrine of incorporation by reference of extraneous writings. *521 It is logical however because the execution of trust instruments is customarily surrounded by ample safeguards. (See, also, Matter of Warburg, 38 Misc 2d 997; Matter of Hammer, 33 Misc 2d 674; Ann. 12 ALR 3d 56.)
The pour-over authorization is now statutory (EPTL 3-3.7). The statute provides that when the inter vivos trust is revocable or amendable, the testator may direct that his disposition shall be effective in accordance with the terms of the trust as it exists at the time of his death or authorize as well future amendments after his death.
A third real exception is also provided by statute. EPTL 13-3.3 authorizes the creation by will of a life insurance trust by reference in the will to the provisions of an existing insurance policy.
No doubt there shall be created other exceptions in the future by decision or statute.
In the instant case, the January writing cannot be incorporated by reference into the February will. It is an extraneous writing dispositive in nature and not within any of the exceptions apparent or real.
The holographic January instrument is denied probate. It is to be given no legal effect. The February will, having been duly proved, shall be admitted to probate as an independent instrument. Mrs. Gunning shall be appointed administratrix c. t. a. upon qualifying according to law.