In the Matter of Proving the Last Will and Testament and Codicil Thereto of EDWARD LAWLER, Deceased.

FIRST TRUST AND DEPOSIT COMPANY, Respondent; JULIA LAWLER LAMBE and Others, Appellants.

Fourth Department, December 22, 1920.

Wills — probate — jury trial as to due execution — error to take case from jury where evidence conflicting as to execution — execution of codicil does not vivify defectively executed will.

On proceedings to probate a will in which certain issues were directed to be tried in the Surrogate's Court before a jury, it was error for the court to refuse to submit to the jury the question whether the will was executed in compliance with section 21 of the Decedent Estate Law and to hold as a matter of law that the will had been properly executed, where the evidence introduced as to the execution of the will was conflicting and raised a clear question of fact.

The fact that the codicil, which was properly executed, referred to the will and that the will was annexed thereto did not make the defectively executed will a part of the codicil or authorize its probate.

KRUSE, P. J., dissents, with memorandum.

APPEAL by the contestants, Julia Lawler Lambe and others, from a decree of the Surrogate's Court of the county of Onondaga, entered in the office of said surrogate on the 26th day of November, 1919, admitting to probate the alleged last will and testament of Edward Lawler, deceased, and the codicil thereto, after a trial before a jury, and also from an order entered in said surrogate's office on the 29th day of

November, 1919, denying contestants' motion to set aside the verdict and for a new trial made upon the minutes.

*John T. Delaney* [*John P. Hennessey* of counsel], for the appellant Julia Lawler Lambe.

*Tracy, Chapman & Tracy*, for the appellants Daniel Lawler and Patrick Lawler.

*Joseph B. Murphy* [*Edward W. Cregg* of counsel], for the respondent.

Hubbs, J.:

The contestants filed objections to the probate of the alleged last will and testament of Edward Lawler,· deceased, also to the codicil thereto, and demanded a jury trial. An order was made directing that the issues raised by the objections filed be tried in the Surrogate's Court before a jury.

One of the objections filed by the contestants to the probate of said alleged last will and testament was the objection that it was not subscribed, published and attested as required by the statutes of the State. Section 21 of the Decedent Estate Law requires that every last will and testament shall be subscribed by the testator at the end, in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses, and that at such time he shall declare the instrument so subscribed to .be his last will and testament. The section also provides that there shall be at least two attesting witnesses and that each shall sign his name as a witness at the end of , the will at the request of the testator.

One of the two attesting witnesses to the will in question died before the trial. The other was called by the proponent as a witness upon the trial and testified that Edward Lawler, deceased, was not present and did not sign said alleged will in the presence of the witnesses, and did not declare and publish it in the presence of the witnesses. The evidence of the witness was positive. He testified that Mr. Lawler was not in the room when he signed the paper as a witness; that he did not see him sign his name; that he did not know Mr. Lawler's signature; that he had never seen the signature at the end of the will before, and that Mr. Lawler did not sign

the alleged will in his presence and in the presence of Mr. Rice, whose name appears as the other witness and who was dead. The witness testified that the only paper he saw was one sheet upon which was the attestation clause.

Other evidence was offered which tended to establish that the will was executed in accordance with the provisions of the statute, and that question was fairly one for the jury. The learned surrogate, however, held, as a matter of law, that the will had been properly executed with all the formalities required by the statute, and refused to submit that question to the jury. Counsel for the contestants duly objected and excepted to the court's ruling. The conflicting evidence upon the question of the execution of the alleged will raised a clear question of fact which should have been determined by the jury and not by the court as a question of law. (*McDonald* v. *Metropolitan St. R. Co.*, 167 N. Y. 68; *Hagan* v. *Sone*, 174 id. 317.)

It is urged by the respondent that the decree should be sustained even though such ruling was erroneous, for the reason, as stated in respondent's brief, that "a duly executed codicil will take up and vivify a defectively executed will."

The codicil in question was dated and executed over six months after the will. It is not questioned but what it was executed with all the formalities required by statute, and it is contended that the proof of the due execution of the codicil authorized the admission to probate of both the will and the codicil. There are expressions in cases which sustain such contention, but, in view of the clear and unequivocal position of the Court of Appeals, it does not seem necessary or advisable to discuss those cases in detail.

In the case of *Booth* v. *Baptist Church* (126 N. Y. 215) Judge FINCH, writing for the unanimous court, said: "It is unquestionably the law of this State that an unattested paper which is of a testamentary nature cannot be taken as a part of the will even though referred to by that instrument." The principle was reaffirmed in *Matter of Fowles* (222 N. Y. 222, 232). (See, also, *Cook* v. *White*, 43 App. Div. 388; affd., 167 N. Y. 588; *Matter of Andrews*, 43 App. Div. 394; affd., 162 N. Y. 1.) In so far as the respondent's position on this question is concerned, the question stands as though the

alleged will had been attested by only one witness, and the respondent is in the position of contending that a properly executed codicil which refers to a will attested by only one witness constitutes a republication of such will and, by reference, incorporates such defectively executed will into the validly executed codicil, and entitles both to probate. That was the situation in *Matter of Emmons* (110 App. Div. 701) where it was held that an invalid will was not given validity by a subsequent codicil referring thereto, although the codicil was properly executed.

A will which was properly executed but has been rendered inoperative by law, or a will executed while the testator was of unsound mind · or under restraint, may be revived and validated by the execution of a codicil. So a validly executed will which has been revoked by a subsequently executed will may be revived and republished by the execution of a codicil referring to such will. (*Brown* v. *Clark*, 77 N. Y. 369; *Cook* v. *White, supra; Matter of Campbell*, 170 N. Y. 84.) It will be noted, however, that in each of those cases the will was a valid will when executed and that its validity had been lost or suspended, and all that the codicil did was to revive and give life and vitality to the will which was executed in accordance with the terms of the statute. A codicil can give validity to a will only where the will was executed in accordance with the provisions of the statute and has, for some reason, become inoperative. The will in question did not fall within such class, and the due execution of the codicil did not entitle the will to probate.

It is suggested that the will in question became in fact a part of the codicil because it was physically attached to it when it was executed, and that when the codicil was executed, published and witnessed, the will was again executed, published and witnessed, and that the will and the codicil together constituted a new will, duly signed and witnessed at the end, as required by the statute. The trouble with that suggestion is that there is no evidence in the record to sustain it. Assuming that a testator could use an old will, in making a new one, by attaching to the back of the old will a new codicil, signing at the end of the codicil, and acknowledging the papers attached together to be his last will, that was not done

in this case.   The evidence is clear that the only paper declared in this case, and the only paper intended to be executed and witnessed was the codicil, and the fact that the will to which the codicil referred was physically present was a mere incident.   It was not referred to in any way and the testator and the witnesses did not understand that an attempt was being made to execute a new will consisting of the codicil and the old will to which it referred.   The attestation clause to the codicil recites, in the usual form, that the testator subscribed his name to the instrument and declared the same to be a codicil to his last will.   Under the facts in this case the will referred to in the codicil cannot be treated with the codicil as a new will.   The decree should be reversed and a new trial ordered, with costs to the appellants to abide the event.

All concur, except KRUSE, P. J., who dissents in a memorandum.

KRUSE, P. J. (dissenting):

I agree that if it was necessary to prove the original execution of the will it was error to hold as a matter of law that the evidence conclusively established such execution.   But according to the testimony of Mr. Cowie, which is undisputed, he read the codicil to the testator, then gave the codicil and the original will to the stenographer and told her to fasten them together, which she did; thereupon the testator signed his name to the codicil and declared the codicil to be his last will and testament.   The codicil in terms expressly reaffirms and ratifies all of the provisions of the original will save as modified by the codicil, and the original will so attached to the codicil precedes it.   Thus, physically, the original will and the codicil became one document and was subscribed by the testator at the end.   I think this establishes the execution of the will and codicil as the will of the testator, without proving the original execution of the will as a separate instrument.

I, therefore, vote to affirm.

Decree reversed and new trial granted, with costs to appellants to abide event.