In the Matter of the Estate of LUCY JOHNSON WADE, Deceased.

Surrogate's Court, New York County, March, 1923.

**Wills — construction — substitution of legatee after execution of will — when legacy saved by codicil.**

Article 5 of the will of testatrix reads as follows:  " I give and bequeath to my dear friend........$4,000 four thousand dollars also thousand dollars, which I loaned to Mrs. M. — Mrs. M. to the above amount to be paid viz four thousand dollars after the war ends."   After the execution of the will testatrix erased the name of the original legatee and inserted the name of Mrs. M.   The name of the original legatee has never been ascertained.   A codicil to the will reads as follows:  " In article five I wish given an additional five thousand dollars to my friend, Mrs. M., five thousand extra."   *Held,* that the intent of testatrix by the language of the codicil was to change the legatee originally named in article 5 of the will and substitute Mrs. M. and to give her the $4,000 mentioned in the will, to remit her debt of $1,000 and to give her in addition $5,000.

Misc. 480]     Surrogate's Court, New York County, March, 1923.

MOTION to confirm referee's report.

*Samuel Wasserman,* for executor.

*Louis S. Posner* (*Louis S. Posner* and *Henry Muller,* of counsel), for Dora B. Mills.

*Philip A. Brennan* (*F. S. Lyke,* of counsel), for objectors Mary J. McConnell and others.

*Moses Ely,* for objector Henrietta L. Fellows.

FOLEY, S.   This is a motion to confirm a referee's report.   One of the questions involved is the construction of a paragraph of the codicil executed by the decedent, which reads as follows:  " In article five I wish (sic) given an additional five thousand dollars to my friend, Mrs. Dora B. Mills, five thousand extra."   Article 5 of the will, to which the codicil refers, as probated, read as follows. " I give and bequeath to my dear friend ......................
$4000 four thousand dollars also thousand dollars, which I loaned to Mrs. Dora B. Mills — Mrs. Mills to the above amount to be paid viz four thousand dollars after the war ends."   After the will was executed Mrs. Wade, the testatrix, erased the name of the original beneficiary and in her own handwriting inserted the name of Dora B. Mills in the place of the original legatee.   The name of this legatee has never been ascertained.   She also added the new matter which is hereafter indicated in italics, and thereupon the paragraph was made to read as follows:   " I give and bequeath to my dear friend, *Dora B. Mills* $4000 four thousand dollars also *to cancel note of one* thousand dollars, which I loaned to Mrs. Dora B. Mills — Mrs. Mills to *have this in addition to what I will leave her and* the above amount to be paid viz four thousand dollars after the war ends."   The jury in the probate contest found in answer to a specific question submitted to them that these words were added after execution.   The question is whether under the language of these two instruments Dora B. Mills shall receive $10,000 (including the remission of her debt of $1,000), or $5,000. The learned referee has held that this paragraph of the will is meaningless and that she is entitled to the smaller sum.

Judge Robert Grant, in his book, " Law and the Family " in describing the perils of will making, discusses this habit of persons unsophisticated in the execution of wills.   He refers to it as " the convenient yet fatal habit of altering wills after execution, indulged in especially by old ladies who are fond of tucking into the vacant spaces left by incautious scriveners or inserting between the lines the various changes and afterthoughts concerning their possessions

31

which occur to them." He states further: "Nothing is more dangerous than tampering with one's will and nothing more uncertain in its consequences; the law reports abound in cases which show results utterly at variance with the intention of the tamperer. Yet democracy is prone to ask pathetically and with some surface show of reason: Must we send for a lawyer and have the will re-executed every time we wish to make a change, when it would seem so simple to scratch out Jane and substitute Emily in case we are out of conceit with Jane?"

In this case, however, the testatrix did not rest upon her alterations, but subsequently executed the codicil, and thereby saved the legacy for the beneficiary. The language of the codicil itself is inartificial, but effect must be given to it. The clear intent of the testatrix by the language of the codicil was to change the beneficiary originally named in article 5 of the will as executed, to substitute the new legatee, Dora B. Mills, to give the latter the legacy mentioned in that article of the will, namely $4,000, to remit the $1,000 debt, and to add thereto the "additional" or "extra" sum of $5,000. In other words, it is just as if she had said in her codicil, "I revoke the gift of five thousand dollars given to John Doe by article five and give said amount and the additional sum of five thousand dollars to my friend Mrs. Dora B. Mills." The legacy is cumulative. *Southgate* v. *Continental Trust Co.*, 74 App. Div. 150; affd., 176 N. Y. 588. Under the language of the will and codicil there is no ambiguity, and extrinsic evidence should not have been considered. *Brown* v. *Quintard*, 177 N. Y. 75. This extrinsic evidence related principally to the activities of Mrs. Mills in procuring by undue influence benefits under codicils which were rejected by the verdict of the jury and the surrogate's decree thereon. This evidence was a proper consideration in the probate contest, but was not relevant to the construction of the codicil and her conduct and motives cannot be used to destroy the plain words of gift in the valid codicil. This is not a case where the rule forbidding incorporation of unattested documents is to be applied, since the paper referred to in the codicil was a duly executed testament. *Reynolds* v. *Reynolds*, 224 N. Y. 429; *Matter of Fowles*, 222 id. 222; *Brown* v. *Quintard, supra*. Nor is it necessary to apply the rule of construction as to legacies by implication.

The referee erred in his conclusion. The sum of $9,000 should be paid to Dora B. Mills, and her debt is canceled. The other exceptions are overruled and the report confirmed as modified.

Decreed accordingly.