In the Matter of the Estate of MARY E. KELLY, Deceased.

Surrogate's Court, Westchester County, October 4, 1934.

*Timothy A. McCarthy*, for the administratrix c. t. a.

*John J. Barrett, Jr.*, for Society for Propagation of the Faith.

*James K. Feely*, for Elizabeth E. Madden.

*Amend & Amend*, for St. Joseph's Hospital for Consumptives.

*John T. Magan*, for St. Vincent's Hospital.

*Gillespie & O'Connor*, for St. Joseph's Seminary and College and Trustees of St. Patrick's Cathedral.

*John J. Kirby*, for Ladies of Charity of Catholic Charities of Archdiocese of New York, Inc.

*Charles G. Coster*, for Mission of Immaculate Virgin for Protection of Homeless and Destitute Children.

SLATER, S. This is an application by the administratrix c. t. a. for a construction of the will of Mary E. Kelly, deceased.

Decedent was a resident of New Rochelle, N. Y., and died there on September 6, 1931. Her sole next of kin are eight second cousins. She left a last will and testament dated April 18, 1917, and two codicils thereto, dated, respectively, July 28, 1920, and September 7, 1923, which were duly admitted to probate on February 23, 1932. Thereafter, a fourth paper writing, dated January 9, 1928, purporting to be a testamentary disposition of the property of decedent, was discovered and a petition praying for the reprobate of said will and the two codicils thereto, together with the said fourth paper writing, was duly presented to this court. On April 27, 1934, a decree was made ratifying and confirming all previous proceedings and admitting the four paper writings to probate as the last will and testament of said decedent. Letters testamentary were issued to the executors named in said will on February 23, 1932. Thereafter, one of the executors, Elizabeth Madden, resigned, and her letters were revoked on July 18, 1932. The other executor, William Rafferty, died on April 28, 1933. On August 19, 1933, letters of administration with the will annexed were issued to the petitioner herein. The decree of April 27, 1934, extended the letters of administration with the will annexed to include the paper writing dated January 9, 1928.

Decedent, during her lifetime, was employed as a teacher in the public schools of the city of New York, and at the time of her death was about eighty-nine years of age. The will and the three codicils are holographic in form. The will and the first two codicils are alleged to be in the handwriting of the decedent. The fourth instrument, excepting as to the signature of the said Mary E. Kelly, is alleged to be in the handwriting of some other person.

The sum total of the cash legacies contained in the four instruments comprising decedent's last will and testament is $31,100. Of this amount, $14,150 is given to various Catholic charities; $500 for the care of her grave in Calvary Cemetery; $450 for masses for the decedent, her father and mother and two brothers, and the balance to various relatives and friends of the decedent.

At the time of her death, decedent left real and personal property of the gross value of approximately $11,000.

The first question relates to the validity of the provision contained in paragraph seventeenth of the will, which reads as follows:

" *Seventeenth.* I give and bequeath all my china, silverware, glassware, pictures, books and other articles, enumerated in a memorandum, to my executors hereinafter named, in trust nevertheless to give the same to, and distribute the same among, the persons set forth in said memorandum as therein provided."

The memorandum referred to was not found among the effects of the deceased. I hold the provision void as a testamentary disposition of property. (Dec. Est. Law, § 16; *Reynolds* v. *Reynolds,* 224 N. Y. 429; *Matter of Fowles,* 222 id. 222; *Matter of Judge,* 141 Misc. 254; *Matter of Angle,* 147 id. 445.)

The next question to be considered is whether certain bequests to persons and charitable institutions are accumulative or substitutionary.

Paragraph nineteenth of the will reads as follows:

" *Nineteenth.* I give and bequeath to the Catholic Church Extension Society of the United States of America, an institution incorporated under the laws of the State of Illinois, whose general office is at present located in the City of Chicago the sum of one thousand dollars, for a church and altar."

Paragraph IIII of the second codicil reads as follows:

" IIII. I wish to bequeath five hundred dollars ($500) more to the Catholic Church Extension Society mentioned in Paragraph 19 of my last will and testament."

Paragraph VI of the same codicil reads as follows:

" VI. I bequeath five hundred dollars ($500) to Church Extension for charitable purposes. The above mentioned in my last will and testament and Paragraph 19."

Paragraph XIIII of the same codicil reads as follows:

" XIIII. I give and bequeath to the Catholic Church Extension Society of the United States of America, an institution incorporated under the laws of the State of Illinois and whose general offices are at present located in the City of Chicago the sum of five hundred dollars for charitable purposes among the missions. Same society mentioned in my last Will and Testament."

The rule relating to the repetition of legacies was laid down by Chief Justice KENT in *Dewitt* v. *Yates* (10 Johns. 156, 158) as follows: " The general rule, on this subject, from a review of the numerous cases, appears evidently to be, that where the sum is repeated, *in the same writing*, the legatee can take only one of the · sums bequeathed. The latter sum is held to be a substitution, and they are not taken cumulatively, unless there be some evident intention that they should be so considered, and it lays with the legatee to show that intention and rebut the contrary presumption. But where the two bequests are in *different instruments*, as by will in the one case, and by a codicil in the other, the presumption ·is in favor of the legatee, and the burden of contesting that presumption is cast upon the executor. The presumption either way, whether against the cumulation, because the legacy is repeated in the same instrument, or whether in favor of it, because the legacy · is by different instruments, is liable to be controlled and repelled by internal evidence, and the circumstances of the case."

In order to determine whether the four bequests to the Catholic Church Extension Society are substitutionary or accumulative, it is necessary to gather the intent of the testatrix from her will. The will discloses it. The first bequest of $1,000 is for a *church and altar*. (Italics mine.) The second bequest is $500 *more*. (Italics mine.) The third bequest is $500 for *charitable purposes* (italics mine), and the fourth bequest is *for charitable purposes among the missions*. (Italics mine.)

I hold that the legacies are accumulative. (*Southgate* v. *Continental Trust Co.*, 36 Misc. 415; affd., 74 App. Div. 150; affd., 176 N. Y. 588; *Matter of Moore*, 131 App. Div. 213; *Matter of Wade*, 120 Misc. 480; *Dewitt* v. *Yates, supra;* 40 Cyc. 1560, 1561, 1562; 2 Roper & White, Legacies, 995; *Second National Bank & Trust Company* v. *Borden*, 113 N. J. Eq. 378; 167 A. 224.)

Paragraphs twentieth and twenty-first of the will read as follows:

" *Twentieth*. I give and bequeath to the Association of Catholic Charities (Ladies of Charity) of New York City, the sum of five hundred dollars.

" *Twenty First*. I give and bequeath to the Parish Auxiliaries Association of Catholic Charities, in trust with William A. Courtney, Director of Catholic Charities, or his successor, for an emergency fund, the sum of one thousand dollars."

The legacy of $1,000 in paragraph twenty-first of the will is reduced to $500 under the provisions of paragraph II of the second codicil. The evidence shows that the charitable corporation now known as " Ladies of Charity of the Catholic Charities of the Archdiocese of New York, Inc.," was formerly known as " Association of

Catholic Charities, Inc.;" that decedent was an active worker in said charitable organization, and for many years held the office of vice-president therein, and, at the time of her death, was honorary chairman of the parish centers of said charitable organization; that the name, " Parish Auxiliaries, Association of Catholic Charities," referred to in paragraph twenty-first of the will, and in paragraph II of the second codicil, designates subordinate bodies composed of members of the Ladies of Charity of the Catholic Charities of the Archdiocese of New York, Inc., appointed by said corporation to carry on the charitable works of said corporation in the several parishes of the Catholic church of the archdiocese of New York, and that the " William A. Courtney," referred to in the twenty-first paragraph of the will, was a Catholic priest who formerly, and prior to April 18, 1917, was moderator of said corporation which, at that time, was known as the " Association of Catholic Charities, Inc."

I hold that it was the intention of testatrix to give the legacies referred to in paragraphs twentieth and twenty-first of the will, as cut down by paragraph II of the second codicil, to the corporation formerly known and designated as " Association of Catholic Charities, Inc.," and now known as the " Ladies of Charity of the Catholic Charities of the Archdiocese of New York, Inc.," and that said legacies are accumulative.

Paragraphs twenty-fifth of the will, X of the second codicil, and XI of the second codicil read as follows, respectively:

" *Twenty-Fifth.* If there be not sufficient of my estate to meet all the above mentioned gifts, bequests and legacies in full, then I give and bequeath to the St. Rose's Free Hospital for Incurable Cancers, mentioned in the Thirteenth paragraph of this my will, only the sum of five hundred dollars; to Mary Haggerty, mentioned in the Fourth paragraph thereof only the sum of three hundred dollars; and I give and bequeath to the Little Sisters of the Poor, of East Seventieth Street, New York City, Borough of Manhattan, the sum of five hundred dollars."

" X. To the Little Sisters of the Poor, 70 St and Third Av., New York City, I bequeath five hundred dollars ($500) in memory of Mrs. Rosanna and Eugene Gallagher (deceased)."

" XI. Also to the same institution for myself five hundred dollars — Home for the Aged, conducted by the Little Sisters of the Poor at 70 St. and Third Ave. New York City, N. Y."

Petitioner alleges that there is no corporation known as " Little Sisters of the Poor " at Seventieth street and Third avenue, New York city, nor is there any corporation known as the " Home for the Aged " conducted by the Little Sisters of the Poor at Seventieth street and Third avenue. There is, however, a corporation whose

legal title is " Home for the Aged of the Little Sisters of the Poor " located at 213 East Seventieth street, New York city, a short distance east of Third avenue in said city.

The legacy to Little Sisters of the Poor under paragraph twenty-fifth of the will is a direct gift of $500 to that institution. The legacy to the same institution under paragraph X of the second codicil is for a similar amount " in memory of Mrs. Rosanna and Eugene Gallagher (deceased)." The legacy under paragraph XI of the second codicil is " also to the same institution *for myself*." (Italics mine.)

I hold that the three above-mentioned legacies are accumulative, and that it was the intention of the testatrix to give them to the corporation known as " Home for the Aged of the Little Sisters of the Poor."

Paragraph IIIII of the second codicil reads as follows:

" IIIII. I bequeath to my two dear and old friends Catherine Garrett and Mary Garrett of 292 Van Duzer St. Stapleton Staten Island five hundred dollars ($500) each. In case either one dies before me I wish the bequest of five hundred dollars ($500) to go to the surviving sister, either Cath or Mary. I make this statement as in all other bequests in my last will and testament the bequests revert the estate in case of death previous to mine. In this case I make an exception."

Paragraph XII of the same codicil reads as follows:

" XII. To my two very dear friends Catherine and Mary Garrett, of 292 Van duzer St., Stapleton Staten Island N. Y. I bequeath the sum of one thousand dollars to each. In case of the death of either Cath. or Mary, the amount bequeathed to each one may not revert to the estate but go to the surviving sister Cath. or Mary. This is an exception to the other bequests made by me, in my last Will and Testament and also in the codicils."

I hold that the legacies to Catherine and Mary Garrett, under paragraphs IIIII and XII of the second codicil, are accumulative. The testatrix has made her intention clear. There is no ambiguity in the language used. She intended her friends to have an additional $1,000 each. She says, in paragraph XII, that " this is an *exception* to the other bequests made by me, in my last will and testament and also in the codicils." (Italics mine.) Webster, in his " Dictionary of the English Language," defines the word " exception " as " the act of excepting or excluding from a number designated, or from a description," and again, " that which is excepted or separated from others in a general rule or description;" " a person, thing, or case, specified as distinct, or not included." In Funk & Wagnalls' " Standard Dictionary," the word " excep-

tion " is defined as the " act of excepting, omitting from mention or leaving out of consideration." " The word ' except ' means ' not including.' " (3 Words & Phrases [First Series], 2538.) Ths word " exception," as used by the testatrix, is construed as meaning " in addition to " previous bequests. (*Southgate* v. *Continental Trust Co.* and cases cited, *supra.*)

Submit decree on notice in accordance herewith.