PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Trustee under Agreement with JULIUS JANOWITZ, Dated July 12, 1933, as Amended, Respondent, v. EMMA S. JANOWITZ, Appellant, Respondent, Impleaded with WORKERS' FELLOW-SHIP, INC., Respondent, Appellant, and EDITH R. S. ALEXANDER and BANK OF NEW YORK AND TRUST COMPANY, as Executors, etc., of JOEL ALEXANDER, Deceased, etc., and Others, Respondents, and FLORENCE KOHLER and Others, Impleaded Defendants, Respondents.*

Second Department, July 2, 1940.

*Joseph M. Proskauer* [*Charles Looker* with him on the brief], for the defendant-appellant-respondent Emma S. Janowitz.

*Thomas B. Gilchrist* [*Catherine Noyes Lee* and *Arthur H. Barker* with him on the brief], for the plaintiff-respondent.

*Henry S. Miller*, for the defendant-respondent-appellant Workers' Fellowship, Inc.

* Modfg. and affg. 172 Misc. 290.

*Lewis M. Isaacs* [*David Oppenheim* with him on the brief], for the defendant-respondents Isaac Stern, individually, and as executor, etc., National Farm School, and Edith R. S. Alexander and Bank of New York, as executors, etc.

*Bertram Lichtenberg*, for the defendants-respondents Edgar J. Kohler, Florence Kohler and Adele R. Spitzer.

*George B. Class*, for the defendant-respondent Leontine Spiegel.

*Isidor Lazarus* [*Paul Martinson* with him on the brief], for the defendant-respondent Society for Ethical Culture.

JOHNSTON, J. On July 12, 1933, Julius Janowitz executed and delivered to plaintiff, as trustee, a certain indenture of *inter vivos* trust, the income of which was to be paid to himself for life, and upon his death the principal of the trust was to be divided in three equal parts and the income from the first part paid to his widow during her lifetime, the income from the second part paid to his sister, and the third part distributed outright to designated beneficiaries, including the widow, to whom 109/1000ths of such part was to be paid. Under the terms of the trust indenture the settlor reserved the right to modify, amend, alter or revoke it, in whole or in part, by an instrument in writing duly signed, executed and delivered to the trustee. The settlor also reserved the right to withdraw any securities or other property deposited under the agreement or any moneys at any time constituting any part of the trust fund upon the delivery to the trustee of a written request signed by the settlor. On August 11, 1934, and on March 27, 1935, pursuant to his reserved power, the settlor made, executed and delivered to the trustee supplemental trust indentures whereby he modified and amended the provisions of the original trust indenture by adding beneficiaries, eliminating other beneficiaries and changing the interest of still others. On September 26, 1935, the settlor executed his last will and testament and on the same day made a third supplemental trust indenture. By the latter instrument, which was executed at or about the same time as the will but not delivered until after the execution of the will, the settlor eliminated certain beneficiaries and changed the widow's right so that, instead of receiving the full income on one-third of the assets held by the trustee on the settlor's death, she was to be limited to $5,000 per annum, and any excess over $5,000 per annum was to be paid to the National Farm School. On November 27, 1935, the settlor executed and delivered to the trustee a fourth supplemental indenture, substituting Workers' Fellowship, Inc., as beneficiary in place of Society for Ethical Culture. Hence, it appears that, pursuant to the power reserved in the original trust indenture,

the settlor amended it four times. Two amendments became effective prior to the execution of his will, one immediately thereafter and one approximately two months thereafter.

The will, except for a minor bequest to the settlor's sister, contained but two dispositive provisions, which may be summarized as follows:

(1) By article " Third " the settlor left all his cash, real estate, stocks, bonds, mortgages and other securities to the trustee named in the original trust indenture, and directed that they be added to the fund held by it and be administered in accordance with the terms and provisions of the trust agreement; and (2) by article " Fifth " the settlor bequeathed to his wife the residue and remainder of his personal estate.

The settlor died on January 29, 1937, a resident of Westchester county, leaving him surviving a widow and two children of a former marriage. Thereafter the will was admitted to probate. At the time of his death the value of the settlor's estate, excluding the corpus of the *inter vivos* trust, was $131,269.94, and the value of the assets held by the trustee under the *inter vivos* trust, as amended, was $320,694.58. In September, 1937, plaintiff instituted this action seeking a judicial settlement of its accounts as trustee. All the beneficiaries designated in the trust indenture, as amended, were joined as parties defendant. The widow, by appropriate defenses and counterclaims, attacked the validity of article " Third " of the will upon the ground that it is an invalid attempt to incorporate by reference in the will an amendable and revocable trust indenture. The widow further claimed that, assuming the incorporation by reference is valid, the *inter vivos* trust is in fact " illusory " and, therefore, its assets are subject to her right of election under section 18 of the Decedent Estate Law. The widow also questioned the application of article " Third," in the event it be adjudged valid, in so far as it relates to certain trade acceptances, promissory notes and postdated checks.

The court held that article " Third " is valid and that the portion of testator's estate therein mentioned passed under the trust indenture, as amended by the first three supplemental trust indentures, to be held in trust and disposed of as therein provided, and that the fourth supplemental trust indenture forms no part of the testamentary disposition under article " Third " because it was not in existence at the time the will was executed. The court further held that the trust created was " illusory " so far as the expectant interests of the widow were concerned, and to that extent only, and that the widow was entitled to have such a conveyance set aside to the extent that it affects her present existing rights.

The court found, however, that the disposition of the estate by the will in accordance with the provisions of the trust indenture, as amended, gave the widow, either outright or in trust, everything to which she is entitled under the Decedent Estate Law, and held that the trust indenture, as amended, is valid in all respects as against the widow, and that the corpus of the trust fund be disposed of thereunder, with the exception only that it be adjudged that the limitation by the third supplemental trust indenture of the income to the widow to $5,000 per annum is illegal and void as against her because, to that extent, she may be prejudiced in her rights under the will to which she might otherwise be entitled. The court further held that the trade acceptances, promissory notes and post-dated checks were bequeathed to the trustee under article " Third."

The widow appeals from the interlocutory decree and defendant Workers' Fellowship, Inc., a beneficiary under the fourth supplemental trust indenture, appeals from so much of the decree as determines that article " Third " does not validly incorporate the fourth supplemental trust indenture.

The principal question to be determined is whether article " Third " of the will is valid. If it is invalid, the widow concedes that the issues raised by her other defenses and counterclaims become academic and need not be considered. The question involves the doctrine of incorporation by reference in a will of a document not executed and witnessed in accordance with the Statute of Wills. The doctrine, which is the product of judicial construction, permits a document, testamentary in character, but not executed and witnessed as the statute provides, to take effect as part of the will providing it was in existence at the time of the execution of the will and is identified by clear and satisfactory proof as the paper referred to in the will. (*Newton* v. *Seaman's Friend Society*, 130 Mass. 91, 93.) This doctrine, which prevails in England and most of the States, formerly was accepted in New York, at least up to 1881 (*Tonnele* v. *Hall*, 4 N. Y. 140, 144; *Brown* v. *Clark*, 77 id. 369; *Caulfield* v. *Sullivan*, 85 id. 153), but subsequently it was rejected. Thus, in *Booth* v. *Baptist Church* (126 N. Y. 215, 247), decided in 1891, the court said: " It is unquestionably the law of this State that an unattested paper which is of a testamentary nature cannot be taken as a part of the will even though referred to by that instrument."

In *Matter of Fowles* (222 N. Y. 222, 228, 232), decided in 1918, testator's will directed that after his wife's death twenty-two and one-half per cent of his estate should go " pursuant to the provisions of such last will and testament as my said wife may leave (hereby conferring upon my said wife the power to dispose of the said

[fraction] by last will and testament duly executed by her)." Testator's will further provided that if he and his wife died under circumstances which made it impossible to know which survived, his wife was to be deemed the survivor. They did so die and the court held that as it was the husband's intention that his estate be distributed as if his wife were the survivor, the twenty-two and one-half per cent of the husband's estate was to be disposed of in accordance with the terms of the wife's will. Judge CARDOZO, who wrote for the majority, emphasized that the rule against incorporation has not been set aside, although he recognized that " there must be exceptions to its apparent generality." In other words, the rule was not to be pressed to " ' a drily logical extreme ' " (p. 233), but the court in each case must look to the substance. If the *Fowles* case (*supra*) and the earlier case of *Matter of Piffard* (111 N. Y. 410), decided in 1888, did not relax the rule in this State against incorporation, they are authorities for the proposition that a will can make a disposition by incorporating the dispositions made in the will of another, whether that other will antedated or was executed subsequent to the testator's will. But I know of no case in this State, except *Matter of Bremer* (156 Misc. 160, 165) and *Matter of Tiffany* (157 id. 873), where it was held that the incorporation by reference of an amendable trust indenture was valid. In each of those cases the surrogate relied, as did the Special Term here, on *Matter of Rausch* (258 N. Y. 327). There the testator's will gave one-fifth of the residue of his estate to a trust company " to be held by said Trust Company in trust for the benefit of my daughter Florence Skillings, under the same terms and conditions embodied in the Trust Agreement made between myself and the said New York Trust Company, dated April 15, 1922, the principal to be disposed of as contained in the said agreement, and which agreement is hereby made part of this my will, as if fully set forth herein " (p. 330). The surrogate held the will to be effective (143 Misc. 101). This court reversed, holding that " the incorporation, by reference, of unattested documents testamentary in character is not permitted under the New York rule." (234 App. Div. 626.) The Court of Appeals reversed the order, holding that " The rule against incorporation is not a doctrinaire demand for an unattainable perfection. It has its limits in the considerations of practical expediency that brought it into being " (p. 333).

It cannot be disputed that the decision of the Court of Appeals in *Matter of Rausch* (*supra*) is an exception to the well-settled rule in this State against incorporation by reference. That case, however, must be limited to its own peculiar facts. There the

trust agreement was in existence at the time the will was executed. Here, while the original trust indenture and the first two supplemental indentures were in existence at the time the will was executed, the third supplemental indenture did not become effectual until after the will was executed, and the fourth supplemental indenture did not come into existence until approximately two months after the will was executed. There the trust agreement was unamendable and irrevocable. Here the trust indenture is amendable and revocable. There the trust agreement was fixed and " enduring as the inscription on a monument " (p. 332). Here the settlor reserved the right to alter and revoke the trust indenture and, in fact, modified it both prior and subsequent to the execution of his will. Therefore, the disposition of the property referred to in article " Third " was not made by the will " but by the shifting provisions in the trust instrument." (*Atwood* v. *Rhode Island Hospital Trust Co.*, 275 Fed. 513, 521.) To permit the incorporation of the trust indenture, as amended, would allow the testator to alter his will by an instrument not published and attested as required by the Statute of Wills. The statute may not be so circumvented. Moreover, if the property is to pass under the original and three supplemental indentures, as the court below has decreed, then the purpose and intention of the testator is frustrated because he intended that his property should be disposed of as provided in the original and four supplemental indentures. As stated by Professor Scott in his Law of Trusts (Vol. 1, p. 299): " Where a settlor creates a trust *inter vivos* subject to modification, and by a will subsequently executed disposes of property in accordance with the terms of the *inter vivos* trust as modified from time to time, and thereafter modifies the *inter vivos* trust, * * * it would seem that the testamentary disposition should fail altogether, since the doctrine permits the incorporation only of an instrument existing at the time of the execution of the will, and it would defeat the purpose of the testator to have the property pass in accordance with the original terms of the *inter vivos* instrument."

Nor may article " Third " be upheld on the ground that the trust indenture and its amendments were facts of such independent significance, apart from their effect upon the disposition of the property devised and bequeathed by the will, that they might be referred to for the purpose of determining the terms of the intended testamentary trust. The reservation of power to amend the trust indenture and its repeated exercise eliminated all independent significance that might be attached to the trust indenture.

. The interlocutory decree should be modified by striking out all the decretal paragraphs except the " Fifth," " Ninth," " Tenth "

and "Eleventh" and substituting in lieu thereof the following paragraph:

"Ordered, adjudged and decreed that article 'Third' of the will of Julius Janowitz, deceased, is invalid, unlawful and ineffective to transfer to the plaintiff and its co-trustee all real and personal property described in article 'Third.'" As thus modified the interlocutory decree should be affirmed, with costs to appellant-respondent widow against the plaintiff-respondent.

Findings of fact and conclusions of law inconsistent herewith should be reversed and new findings and conclusions should be made.

LAZANSKY, P. J., HAGARTY and CARSWELL, JJ., concur; CLOSE, J., dissents, with memorandum.

CLOSE, J. (dissenting). I dissent and vote to affirm the interlocutory decree. I am unable to agree with the majority that the instant case is distinguishable from *Matter of Rausch* (258 N. Y. 327). As I read that case, it did not turn upon the fact that the trust there involved was irrevocable and unamendable. The test applied in the *Rausch* case was that the reference was to a document in existence at the time of the making of the will, and the identification was precise and definite. Here the trust agreement, as it existed on the day the will was executed, meets all these requirements. No substantial distinction can be drawn between the result reached by the Special Term and the conclusion arrived at in *Matter of Rausch* (*supra*).

Interlocutory decree modified by striking out all the decretal paragraphs except the "Fifth," "Ninth," "Tenth" and "Eleventh," and by substituting in lieu thereof the following paragraph: "Ordered, adjudged and decreed that article 'Third' of the will of Julius Janowitz, deceased, is invalid, unlawful and ineffective to transfer to the plaintiff and its co-trustee all real and personal property described in article 'Third.'" As thus modified, the interlocutory decree is unanimously affirmed, with costs to appellant-respondent widow against the plaintiff-respondent. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Settle order on notice.