In the Matter of the Probate of the Will of JEANNE LE COLLEN, Deceased.

Surrogate's Court, Kings County, July 9, 1947.

*Mitchell, Capron, Marsh, Angulo & Cooney* for Jeanne Romero and another, petitioners.

*Louis Charles Wills,* special guardian for Jacqueline Romero, an infant.

McGAREY, S. The petitioners seek to have the propounded instrument, dated May 13, 1938, admitted to probate and, upon its admission as the will of the decedent, for a construction of its provisions for the purpose of determining whether, by its terms, the contents of certain envelopes found in the safe deposit box of testatrix following her death were validly bequeathed to the persons named in the will.

The court is satisfied that the propounded instrument was executed in this State and county, of which decedent then and at the time of her death in 1945 was a resident, although having died in France while temporarily sojourning there, and the court being further satisfied of decedent's testamentary capacity

and of the genuineness and validity of the execution of the said instrument, probate thereof as the will of decedent is decreed.

The court having entertained the petition in all respects, and the will having been admitted to probate, the will is construed in this proceeding.

By her will, written entirely in longhand on one side of ordinary writing paper by apparently one other than herself, testatrix bequeathed the " contents of certain envelopes now in my safe deposit box " in a named bank. She then refers to " these envelopes " as containing " securities of various kinds " and that " the envelopes have the names of the persons whom I desire to receive them and the names are as follows ", listing her nephew, her nephew's two daughters, her niece and her niece's daughter. The will contained no designation of a fiduciary, no residuary clause and disposed of no other property except as above stated.

About a year subsequent to the date of execution, testatrix went to visit her niece in France and remained there until her death in 1945. A friend, who predeceased her, had access to her safe deposit box and it is indicated opened the box on several occasions subsequent to the time testatrix left for France. After testatrix' death, the box was opened and contained therein was the will and six envelopes, four of which bore the respective names of four of the five persons named in the will. Of the remaining two envelopes, one bore the name of testatrix' niece in France, and the other had the name of testatrix' friend, who had access to the box, neither of whom was named in the will. All of the envelopes contained securities of various kinds and denominations. The envelope bearing the name of testatrix' friend and deputy contained securities registered in his name, and one of the envelopes bearing the name of one of the persons mentioned in the will contained, among other securities, a stock certificate registered in the name of a person not referred to in the will. In addition to the aforementioned will and envelopes with securities enclosed, the box contained other securities not enclosed in any envelopes.

The court holds that the will of testatrix is valid and effective insofar as it bequeathes to the persons named therein the " contents of certain envelopes now in my safe deposit box " containing " securities of various kinds ", which envelopes, four in number, addressed separately to four of the five named legatees, were found in her safe deposit box after her death.

An unattested paper, testamentary in nature, cannot be incorporated by reference into a will even though referred to by

the will, and consequently where the will directs the disposition of property in a manner to be determined by some memorandum or other instrument, such direction cannot be given effect as a valid testamentary disposition unless the paper referred to has been executed and attested in the manner required by section 21 of the Decedent Estate Law. This rule is applicable whether the instrument is required to be resorted to to identify the beneficiary or the quantum of his benefit (*Webster* v. *Gleizes*, 251 N. Y. 554; *Booth* v. *Baptist Church*, 126 N. Y. 215, 247–248; *Matter of O'Neil*, 91 N. Y. 516; *President & Directors of Manhattan Co.* v. *Janowitz*, 260 App. Div. 174; *Matter of Lawlor*, 195 App. Div. 27, 29; *Cook* v. *White*, 43 App. Div. 388, 393, affd. 167 N. Y. 588; *Matter of Menken*, 180 Misc. 656, 657; *Matter of Hilliard*, 154 Misc. 872; *Matter of Kelly*, 153 Misc. 445, 447; *Matter of Angle*, 147 Misc. 445; *Matter of Judge*, 141 Misc. 254; *Matter of Gibbons*, 139 Misc. 658; *Matter of Acres*, 128 Misc. 254; *Matter of Perry*, 126 Misc. 616, 618; *Matter of Eldridge*, 64 N. Y. S. 2d 234, 235; 64 N. Y. S. 2d 802; *Matter of Welcke*, 33 N. Y. S. 2d 735).

A nontestamentary extraneous paper may be resorted and referred to, however, for the limited purpose of identifying the thing intended to be given (*Matter of Rausch*, 258 N. Y. 327, 331–332; *Booth* v. *Baptist Church, supra; Matter of O'Neil, supra*, p. 524; *Matter of Hilliard, supra*, p. 877; *Matter of Gibbons, supra*, p. 661; *Matter of Moorehead*, 65 N. Y. S 2d 240, 242; *Matter of Stern*, 189 Misc. 639).

Each case is determinative upon its own facts and it has become necessary for the court to distinguish between extraneous papers of a testamentary character and extraneous papers referred to for identification purposes only, a factor regarded extremely difficult at times because " ' the two classes of cases run into each other by almost imperceptible gradations ' " (*Matter of Rausch, supra,* p. 332; *Matter of Gibbons, supra*). The inquiry in each instance, as to whether the extrinsic memorandum is a mere identification of the thing given or is testamentary in its character, is resolved once it be determined whether the will is complete without additions from extrinsic unattested memoranda, so that these unattested papers could be used as evidence to identify the property intended to be given even if no reference had been made thereto in the will (see, *Matter of O'Neil, supra*, pp. 523–524).

Where, as in the case at bar, the will identifies the beneficiaries and the quantum of their benefits and resort to the names appearing on the envelopes is only for the limited purpose of

identifying the specific envelopes containing the contents bequeathed, the case does not come within the prohibition against reference to extraneous documents, nontestamentary in character, and the rule against incorporation by reference of writings not published and attested as required by section 21 of the Decedent Estate Law, even though referred to in the will, is inapplicable.

A bequest of the " contents of certain envelopes " containing " securities of various kinds ", as in the case of a legacy of the " contents " of a safe deposit box, a desk, or a chest, refers to the securities contained in the envelopes, or to the things found in the safe deposit box, desk or chest at the time of the death of the testatrix and not at the date of the execution of the will, in the absence of contrary intention manifest from the language of the will (*Matter of Thompson*, 217 N. Y. 111, 115).

Since no information is available to show what envelopes were in the safe deposit box at the date of execution of the will, or what securities were in the envelopes at the time of execution, or for that matter any other information other than as set forth in the petition and hereinabove referred to, and inasmuch as it does not appear nor is it claimed that the testatrix died possessed of any other envelope or envelopes containing securities not located in the safe deposit box at her death, the court is not faced with the problem of determining the effect to be given to the word " now " in the phrase " contents of certain envelopes now in my safe deposit box in * * * ", or in the application of the further rule stated in the *Matter of Thompson* (*supra*, p. 115) that " If the contents of the box are specifically mentioned, and merely described as being in the box, and the language of the will does not localize the subject of the legacy, it might be immaterial whether the articles thus mentioned remained in the box or not " at the date of death.

This court is fully aware that a legacy of the " contents " of envelopes even though made less comprehensive in the instant case by testatrix' further reference in the will to the nature generally of such contents opens the door wide to chicanery and mistake by others than testatrix which the Legislature by its enactment of section 21 of the Decedent Estate Law intended to avoid, and that the upholding of such a gift is tantamount to sanctioning a change in the will by the unattested act of the testatrix since as stated by the Court of Appeals in the *Thompson* case (*supra*, pp. 115–116) : " She might except from the contents of the box any articles which might be contained **therein without in the slightest degree indicating an intention**

not to make the gift a better gift by putting other articles into the box, or a worse gift, or none, by removing a part or the whole of the contents before her death.'' Yet Judge POUND, writing for a unanimous court in the *Thompson* case, although recognizing that (p. 116) '' This method of drafting a bequest is not to be commended for definiteness '', sanctioned this type of gift with the full knowledge that '' The most reasonable conclusion as to testatrix's intention is that she purposely left the description of the contents of the box vague and uncertain, so that she might change the legacy to Mary Ann Harris by changing the contents of the box.''

It is therefore apparent that the problems generally confronting the court in gifts of the type in question are not such as require judicial interpretation but rather legislative correction which would prevent the safeguards attempted to be erected by section 21 of the Decedent Estate Law from being swept away.

Submit decree, on notice, accordingly.