In the Matter of the Accounting of Arnold W. Becker et al., as Executors of Charles G. Rosenstock, Deceased Trustee, et al., under the Will of Hattie Rosenstock, Deceased.

Surrogate's Court, Queens County, September 8, 1948.

*Schapiro, Wisan & Schapiro* for executors.
*Harry M. Silverberg,* special guardian.

Savarese, S. In this accounting proceeding the trustees have requested a construction of a portion of the will. Item III, paragraph 4 of the will reads as follows:

" All the rest, residue and remainder of my Estate whether real, personal or mixed, and wheresoever situate, I give, devise and bequeath unto my Executors and Trustees hereinafter named, In Trust, nevertheless, to invest the principal of the Trust in such manner and upon such conditions as in their discretion they may deem advisable, and to pay the income therefrom, as and when received, to my beloved husband, Charles G. Rosenstock, during his life, and upon his death, to pay over the principal, or so much thereof as shall then be remaining, as follows:

" (a)    *    *    *
" (b)    *    *    *
" (c)   To any institution or organization located in the City of Albany, State of New York, or its environs, and organized to help people in need, the sum of One Thousand ($1,000.) Dollars. This bequest is made in memory of my mother and father, Rebecca Beck and Benedict Beck."

Testatrix died on October 2, 1944, having executed the will on November 1, 1940. Her husband survived and died on January 6, 1948. The trustees seek to have the bequest contained in paragraph 4 (c) of the will construed as a legacy to an organization known as Albany Jewish Social Service. They call attention to an unattested paper writing on file in this court signed by the testatrix on December 24, 1940, in which she states: " The money left for charity in the attached will is to be given for ' Jewish Social Service ' work in the City of Albany."

The bequest is not void for indefiniteness of beneficiaries. (Personal Property Law, § 12.) The extrinsic document may not, of course, be incorporated by reference, even were there a reference to it in the will. (Booth v. Baptist Church, 126 N. Y. 215; Reynolds v. Reynolds, 224 N. Y. 429; President & Directors of Manhattan Co. v. Janowitz, 260 App. Div. 174.) While such a paper writing would be admissible in evidence on a hearing in aid of construction, it would not bind the trustees but would merely assist them in the discharge of their duty to select a charitable legatee in accordance with the testatrix' directions. (Rothschild v. Schiff, 188 N. Y. 327, 333.) The trustees must exercise their own judgment and discretion, limited solely by the instructions of the testatrix contained in the will. From the constitution, by-laws, and prospectus of the Albany Jewish

Social Service, which were submitted to the court, it appears that this organization is one which may be selected by the trustees in their discretion.

In the absence of objection, and in view of the report and recommendation of the special guardian, the account is settled and allowed. Submit decree accordingly on notice.