John D. Bennett, S.
In this uncontested probate proceeding there is offered for probate an instrument dated February 16, 1950 concerning which it is stated in an affidavit made by the attorney for the petitioner: ‘ ‘ The will dated February 16, 1950, was executed supposedly in the presence of two witnesses. One witness — Bose Smith- — died about a year ago. The surviving subscribing witness — Amerigo Capodieci— when interviewed for the purpose of having his deposition taken, was unable to state that publication of the nature of the instrument had been made to him. Therefore, it appears that the will was not executed according to statute.”
There is also offered for probate an instrument dated October 10, 1956 which states: “ I revoke completely Item V of my said Will, which states as follows: * * * In all other respects I ratify, confirm and re-publish my said Will. ’ ’
*804 The proponent urges that although admittedly the will was not executed in conformity with section 21 of the Decedent Estate Law, the codicil which was properly executed validates the will. This proposition which is the majority rule in the United States is not followed in New York (see 21 A. L. R. 2d 822). At page 824 it is stated: “ The doctrine that the execution and publication of a codicil operates as a republication of an earlier invalid will or codicil does not prevail in its entirety in New York. Despite a few earlier cases applying such doctrine, the present New York rule is that a properly executed codicil does not operate as a republication of a will or codicil which was defectively executed, but validates a will or codicil which was originally invalid for want of testamentary capacity or on account of undue influence upon the testator. Cook v. White (43 App Div 388, 60 N. Y. S. 153, affd. without op 167 N. Y. 588, 60 NE 1109; Re Emmon’s Will (1906) 110 App. Div. 701, 96 N. Y. S. 506; Re Lawler’s Will (1921) 195 App Div 27, 185 N. Y. S. 726; Re Carll’s Will (1902) 38 Misc 471, 77 N. Y. S. 1036; Re Weston’s Will (1908) 60 Misc 275, 113 N. Y. S. 619, affd without op 131 App Div 901, 115 N. Y. S. 1149).”
The precise question, though frequently stated as dictum, has been precisely passed on in relatively few cases, none of which are recent. The Court of Appeals has apparently not determined the precise issue. In Matter of Emmons (110 App. Div. 701, 702) a holographic will, published and declared in the presence of only one witness, was offered for probate together with a “ codicil to my last will and testament, bearing date .........., 190...” The Surrogate admitted both papers to probate. The Appellate Division reversed as to the will permitting, however, probate of the codicil which had been properly executed. The court said (p. 703): “ The theory of the respondents is that the properly probated and executed codicil referring to the defectively executed will validated it and incorporated it in the latter instrument, so that both were entitled to probate. Many English decisions and those of many of our sister States give support to the proposition that extraneous unattested documents may be incorporated into a will by proper reference thereto. In this State, however, that doctrine does not prevail, and the rule is that no testamentary provision in other unexecuted or unattested papers can be incorporated into a will. (Cook v. White, 43 App. Div. 388; affd., 167 N. Y. 588; Matter of O’Neil, 91 N. Y. 516; Matter of Conway, 124 id. 455, 460.) In Matter of Andrews (43 App. Div. 394) the question was elaborately discussed, opinions being *805 written by four of the justices taking part in the decision, and one of the dissenting opinions was written in the expressed hope that the Court of Appeals might be attracted to a renewed consideration of the question and a modification of the rule. Such was not the result, however, for that decision was unanimously affirmed (162 N. Y. 1), and on review of the authorities the doctrine was reiterated.
“ The rule, however, does not extend to a will properly executed and which has been rendered inoperative by law, as by marriage of a woman (Brown v. Clark, 77 N. Y. 369), or to one which was executed while the testator was of unsound mind or under restraint. (Cook v. White, supra.) In such case the instrument properly executed in form may be revived and validated by the proper execution of a codicil referring to such instrument, or made for that purpose. ’ ’
Matter of Lawler (195 App. Div. 27, 29) is also directly in point. The Appellate Division determined that a question of fact as to the execution of the will had been raised. It was urged, however, that “ a duly executed codicil will take up and vivify a defectively executed will.” The codicil in question referred to the will. The court said (p. 30): “ A will which was properly executed but has been rendered inoperative by law, or a will executed while the testator was of unsound mind or under restraint, may be revived and validated by the execution of a codicil. So a validly executed will which has been revoked by a subsequently executed will may be revived and republished by the execution of a codicil referring to such will. (Brown v. Clark, 77 N. Y. 369; Cook v. White, supra; Matter of Campbell, 170 N. Y. 84.) It will be noted, however, that in each of those cases the will was a valid will when executed and that its validity had been lost or suspended, and all that the codicil did was to revive and give life and vitality to the will Avhich was executed in accordance with the terms of the statute. A codicil can give validity to a Avill only where the will Avas executed in accordance with the provisions of the statute and has, for some reason, become inoperative. The will in question did not fall within such class, and the due execution of the codicil did not entitle the will to probate.”
Dicta to the same effect may be found in decisions discussing the question of incorporation by reference in a Avill of documents not executed in accordance with the statutory requirements for the execution of a will (see Matter of Angle, 147 Misc. 445, 448; Matter of Rausch, 143 Misc. 101, 108; Matter of Judge, 141 Misc. 254). The requirement in this jurisdiction that the original will be executed in accordance with the statute has been *806 firmly adhered to since it is founded on the New York rule that an unattested paper testamentary in nature may not be incorporated by reference into a will, which latter rule has not proven as elastic as Judge Cabdozo predicted. In Matter of Fowles (222 N. Y. 222, 232-233) he said: “ Only the clearest error would warrant us in baffling the just hopes and purposes of this testator by disregarding a decisive precedent. But there are substantial reasons to support the view that the decision was right. The reasons may appeal with different strength to different minds. For our present purposes, it is enough that they are at least substantial. The rule against incorporation has not been set aside. It has been kept within bounds which were believed to be wise and just. The rule is sometimes spoken of as if its content had been defined by statute, as if the prohibition were direct and express, and not inferential and implied. But the truth is that it is the product of judicial construction. Its form and limits are malleable and uncertain. We must shape them in the light of its origin and purpose. All that the statute says is that a will must be signed, published and attested in a certain way (Decedent Estate Law, § 21; Consol. Laws, ch. 13). From this the consequence is deduced that the testator’s purpose must be gathered from the will, and not from other documents which lack the prescribed marks of authenticity (Booth v. Baptist Church of Christ, 126 N. Y. 215, 247). It is a rule designed as a safeguard against fraud and mistake. In the nature of things, there must be exceptions to its apparent generality. Some reference to matters extrinsic is inevitable. Words are symbols, and we must compare them with things and persons and events (4 Wigmore on Ev. § 2470). It is a question of degree (Langdon v. Astor’s Executors, 16 N. Y. 9, 26, 31; Robert v. Corning, 89 N. Y. 225, 242). Sometimes the distinction is said to be between documents which express the gift and documents which identify it (Hathaway v. Smith, 79 Conn. 519, 521; Booth v. Baptist Church of Christ, supra). But the two classes of cases run into each other by almost imperceptible gradations (Langdon v. Astor’s Executors, supra). One may ratify assumptions of power, extinguish debts, wipe out wrongs, confirm rights, by the directions of one’s will (Bizzey v. Flight, L. R. 3 Ch. Div. 269: 1 Jarman on Wills, 99). In these and other cases, the expressions of the gift and the description of its subject matter must often coalesce. No general formula can tell us in advance where the line of division is to be drawn.
“ It is plain, therefore, that we are not to press the rule against incorporation to a drily logical extreme ’ (Noble State *807 Bank v. Haskell, 219 U. S. 104, 110).” (See, also, eases collected, in 144 A. L. R. 714; 173 A. L. R. 568.)
More recent decisions discussing the question are Matter of Le Collen (190 Misc. 272); Matter of Rosenstock (192 Misc. 936); Matter of Koehler (190 Misc. 897); Matter of Bull (102 N. Y. S. 2d 534); Matter of Frickey (198 Misc. 716); Matter of Whyte (123 N. Y. S. 2d 846); Matter of Snyder (125 N. Y. S. 2d 459); Matter of Ivie (155 N. Y. S. 2d 544).
Until an appellate court indicates a sufficient relaxation of the present New York rule militating against incorporation by reference of documents not executed in accordance with section 21 of the Decedent Estate Law, or until such a court changes the rule expressed in Matter of Lawler (supra), this court must follow the precise holding in that decision.
The cases cited by the proponent bear principally on the question of revival or republication of a revoked prior will which had been properly executed (cf. Matter of Marshall, 154 N. Y. S. 2d 477; Ann. 33 A. L. R. 2d 922). Such cases are not in point since they deal with the question of an instrument initially valid which though revoked is revived by codicil (see Ann. 33 A. L. R. 2d 925).
Although denial of probate of the propounded ‘ ‘ will ’ ’ and allowing probate of the ‘ ‘ codicil ’ ’ results in a testamentary instrument ineffectual to dispose of any part of the testator’s property, it will be admitted to probate (cf. Matter of Emmons, 110 App. Div. 710, supra; Matter of Pascal, 2 Misc 2d 337).
The propounded instrument dated February 16, 1950 is denied probate. The court finds that the propounded instrument dated October 10, 1956 was executed in accordance with the requirements of section 21 of the Decedent Estate Law and that at the time of its execution the testatrix was competent to make a will and not under restraint and that it therefore will be admitted to probate.
Submit decree on notice in accordance with this decision and granting letters of administration c. t. a. to the petitioner.