S. Samuel Di Falco, S.
In the will of the testatrix, which was in all respects duly executed, she named a cousin and her attorney as executors. At some later date she crossed out the name of her attorney and inserted the name of a nephew as coexecutor. The attempted amendment was not attested in the manner required by statute. As of this point of time, all parties would concede that the substitution of the nephew for the attorney was not effective and that the will remained effective in its original terms. However, on two subsequent occasions, the testatrix executed a codicil. The first codicil, dated August 30,1958, was executed in France. It does not describe a particular will and it does not refer at all to the change in executors. In its entirety, it reads: “I hereby revoke the bequest made to Pierre Bobbes which is contained in my last will and testament. This codicil is to become effective immediately and I have asked the witnesses below to witness my signature.” The second codicil, made in New York on April 22, 1959, contains substantially the same text as the first codicil. The proponent has attempted to prove only the second codicil, the witnesses being more readily available.
It has been established that the new insertion was in the handwriting of the testatrix and that the insertion and the obliteration had been accomplished prior to the execution of the New York codicil. The proponent contends that the execution of the codicil by the testatrix, after the interlineation in her own handwriting, incorporated the amended will in her codicil and constituted a re-execution and republication of the will as amended.
The New York rule governing republication of an invalid will by a later codicil has recently been rewieved by Surrogate Bennett in a comprehensive and carefully considered decision {Matter of Brown, 6 Misc 2d 803). He adverted to the difference in the rule applied in this State and that recognized in other jurisdictions. He pointed out that in Matter of Emmons (110 App. Div. 701 [1st Dept., 1906]) and in Matter of Lawler (195 App. Div. 27 [4th Dept., 1920]) the courts reaffirmed the rule in this State that a will which is invalid because of a failure to observe the statutory formalities is not made valid by a later codicil which refers to that will even though the codicil be properly executed. In the latter case the court said: “A codicil can give validity to a will only where the will was executed in accordance with the provisions of the statute and has, for some reason, become inoperative. The will in question did not fall within such class, and the due execution of the codicil did not entitle the will to probate.” Beferring to these decisions and *360 other New York authorities, Surrogate Benkett said: “ Until an appellate court indicates a sufficient relaxation of the present New York rule militating against incorporation by reference of documents not executed in accordance with section 21 of the Decedent Estate Law, or until such a court changes the rule expressed in Matter of Lawler (supra), this court must follow the precise holding in that decision” (p. 807). One may find fault with the conclusions reached by the appellate courts or with the distinction which they attempt to draw between a will which was never properly executed and one which becomes inoperative for other reasons. Nonetheless, the rule has stood for a long time and, as the learned Surrogate pointed out, we are commanded to follow it by the appellate decisions.
Even if New York be not committed to the rule expressed in the above cases, it cannot reasonably be said on the present record that the testatrix in fact intended to incorporate in her codicil the amended will which had never been duly attested. In Page on Wills the rule is stated thus: “ If a will has been altered after execution, a subsequent republication will give effect to such alteration if this appears to be testator’s intention. If testator has cancelled a clause in a will, or has increased the estate of the devisee, a subsequent codicil will republish the will as altered, if this appears to be testator’s intention. If, after such alteration, a codicil purports to confirm the will, it is a question of construction whether it confirms the will as originally drawn, or as altered.” (2 Page on Wills, Bowe-Parker Rev., § 23.13; emphasis added.) That the matter is one of construction was decided in Matter of Hay (1904,1 Ch. 317). In that case the testatrix executed a will and three codicils. Just prior to the last codicil, she directed a servant to cross out the names of three legatees and the amounts bequeathed to them in the will. The final codicil refers to the last will and testament of the testatrix and it identifies the will by its proper date. The codicil expressly revoked one of the three legacies effaced from the will, and it explicitly ratified and confirmed the will and prior codicils in all other respects. Buckley, J., said (p. 321): “I have to see, therefore, whether by her third codicil this testatrix has confirmed, not the will as validly executed, but the will as altered, with the result that the alteration is by the execution of the codicil now executed in manner required for the execution of a will. That is a question of construction. I have to read the third codicil, and say what it is that the testatrix thereby confirms. The thing which she confirms, by a duly executed codicil, may be either an attested or an unattested *361 document. The third codicil being a duly attested instrument, whatever it is that she confirms by it will become her will. The question then is one of construction. What did she mean by ‘ my will ’Í She begins by referring to her will as bearing date February 1, 1901. That was the unaltered will. It is, I think, the will without alterations which she confirms.”
In the case now before the court, the testatrix took the trouble to execute two codicils which deal with a bequest to her husband. She did not refer to her will by date and she did not explicitly confirm it. Prior to the second codicil, the will had been seen in its revised form by the person who prepared the text of the codicil for the testatrix. Had the testatrix actually intended to confirm the altered will, rather than the will in its original form, one would reasonably expect her to advert to that alteration in the codicil. We have no assurance that the obliteration of one name and the insertion of another represented a firm and deliberate decision, rather than a tentative and changeable one. Hence, even if the question were one of construction, as it is under the so-called majority rule, it is not possible to say that this testatrix intended to confirm the will as altered. On this record it would appear that in the formally executed instruments she intended to confirm the will as formally executed by her. The court therefore holds that the will should be admitted to probate in its original form insofar as the fourth paragraph is concerned. It has been established that prior to the formal execution of the will, the testatrix changed the residence of a beneficiary under paragraph third. Hence, the change in that paragraph had occurred before the execution of the will. There is no dispute respecting the due execution of the codicil. The matter is remitted to the Probate Clerk for completion of the proofs in accordance with the regular practice of this court.